Wightman Health Center, Appellant *v.* Office of the Treasurer, City of Pittsburgh, Appellee.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Harvey J. Eger,* for appellant.

*Grace S. Harris,* Assistant City Solicitor, with her *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE CRAIG, June 10, 1981:

Wightman Health Center has questioned a deficiency assessment by the City of Pittsburgh's Treasurer's Office under Pittsburgh's Business Privilege Tax.

Wightman, which operates a nursing home for profit in Pittsburgh, filed business privilege tax returns for the years 1974 through 1978, which excluded, as discovered by a later audit, Medicare and Medicaid and certain other third party payments from its reported taxable gross receipts. In its petition to the Common Pleas Court of Allegheny County for review of the treasurer's assessment, Wightman asserted that "Medicare and Medicaid payments

should not be included in the calculation of gross receipts for the purpose of imposing the Business Privilege Tax as such inclusion results in double taxation under Pennsylvania case laws since the Plaintiff pays a license tax to operate its business.'' As relief, Wightman requested only that the court ''forbid the inclusion of Medicare and Medicaid payments in the gross receipts of Plaintiff.''

After a hearing, the court upheld the deficiency assessment and denied relief. In this appeal Wightman raises three issues.[1]

First, Wightman submits that because it pays a license fee to the state, the city's business privilege tax is precluded;[2] however, Wightman did not provide any evidence as to the amount of that fee nor of its statutory or regulatory source. In any event, the mere payment of a license fee is not per se preemptive of local taxing authority under The Local Tax Enabling Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 *et seq.,*[3] but becomes so only when the fee is in fact a revenue-producing exercise of the taxing power, which applies to the same subject of taxation as the challenged local measure. *Tax Re-*

---

[1] In its brief to this court, Wightman also argued that the city's power to tax was preempted by the Commonwealth's "severe regulation" of nursing homes. At oral argument of the case, Wightman conceded that it had not raised this preemption-by-regulation issue in the lower court; we therefore do not address it.

[2] Although Wightman's prayer for relief did not seek a decision that it was entirely free from being subject to the business privilege tax, we will assume that the petition's general allusion to "double taxation" and "license tax" succeeds in raising the issue.

[3] Section 3 of the Act, 53 P.S. §6903, articulates the legislature's intent to confer upon political subdivisions the power to tax any subject "which the Commonwealth has power to tax but which it does not tax or license"; these last words, "does not . . . license" are the basis of Wightman's argument.

*view Board v. Smith, Kline & French Laboratories,* 437 Pa. 197, 262 A.2d 135 (1970).[4]

Second, Wightman contends that the third-party payments underlying the deficiency assessment should be excluded from its taxable gross receipts, on the ground (1) that it has realized no profit from those payments, and (2) that it is a mere conduit for those payments to independent contractors. Aside from Wightman's failure to introduce any specific evidence on those contentions, they are irrelevant under the ordinance, which defines gross receipts as "cash, credits, property of any kind or nature, . . . from any business, or services rendered, without deduction therefrom on account of the cost of property sold, materials used, labor, services or other costs . . . or any expense." The ordinance thus imposes the tax on gross receipts without regard to related expenses or the ultimate profitability of the taxpayer's enterprise. *See Shelburne Sportswear, Inc. v. Philadelphia,* 422 Pa. 199, 220 A.2d 798 (1966). That the ordinance does not prohibit exclusion of payments received for services rendered through an independent contractor is of no consequence; the dispositive consideration is that nothing in the ordinance permits such exclusions. *Commonwealth v. Rohm and Haas Co.,* 28 Pa. Commonwealth Ct. 430, 368 A.2d 909 (1977); *see City of Pittsburgh v. Ivy School of Professional Art, Inc.,* 37 Pa. Commonwealth Ct. 406, 390 A.2d 893 (1978).

Wightman's final contention is that the city should be estopped from taxing Medicare and Medicaid payments as gross receipts because they had not

---

[4] *Smith, Kline & French, supra,* addressed a similar argument made with respect to Philadelphia's local tax power under the Act of August 5, 1932, Ex. Sess., P.L. 45, *as amended,* 53 P.S. §15971(a), which precluded local taxation of any property, activity, or transaction "subject to a State . . . license fee."

been included by Wightman's corporate predecessor in its returns, which the city allegedly audited in 1970. Aside from the lack of substantial evidence in the record that any such audit was conducted, the law is clear that past failure to collect taxes properly does not insulate taxpayers from tax liability for later years. *Commonwealth v. Western Maryland Railroad Co.*, 377 Pa. 312, 105 A.2d 336 (1954), cited with approval in *Department of Public Welfare v. UEC, Inc.*, 483 Pa. 503, 516, n. 6, 397 A.2d 779, 785, n. 6 (1979).

Accordingly, we affirm.

#### ORDER

AND Now, June 10, 1981, the April 11, 1980 order of the Court of Common Pleas of Allegheny County at No. SA 1307 of 1978, is affirmed.