## A. Victor Meitner, Jr., P. C., Appellant *v.* Township of Cheltenham, Appellee.

Argued April 5, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and MACPHAIL.

*James F. Crotty*, with him, *A. Victor Meitner, Jr.*, for appellant.

*Gilbert P. High, Jr.*, for appellee.

OPINION BY JUDGE ROGERS, June 10, 1983:

This is the appeal of A. Victor Meitner, Jr., P.C., a professional corporation operating as a law firm in Cheltenham Township, from a decision of the Court of Common Pleas of Montgomery County holding that the $45 (now $40) annual fee which each attorney admitted to practice in any court in the Commonwealth of Pennsylvania is required to pay to the Disciplinary Board of the Supreme Court of Pennsyl-

vania pursuant to Pennsylvania Supreme Court Rule of Disciplinary Enforcement (Pa. R.D.E.) 219, in order to practice law, does not constitute a state license fee within the meaning of Section 2(1) of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6902(1); with the result that the appellant was subject to levy, assessment and collection by the township of its business privilege tax. The business privilege tax was imposed pursuant to Section 2 of the Act, 53 P.S. §6902, which provides in pertinent part:

> The duly constituted authorities of the following political subdivisions, cities of the second class, cities of the second class A, cities of the third class, boroughs, towns, townships of the first class, townships of the second class, school districts of the second class, school districts of the third class, and school districts of the fourth class, in all cases including independent school districts, may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine on persons, transactions, occupations, privileges, subjects . . . . *Such local authorities shall not have authority by virtue of this act*:
>
> (1) *To levy, assess and collect or provide for the levying, assessment and collection of any tax . . . on a* privilege, transaction, subject, *occupation* or personal property *which is now or does hereafter become subject to a state tax or license fee.* (Emphasis added.)

The appellant paid the Pa. R.D.E. 219 fees for the attorneys in its organization for the years 1977, 1978, and 1979. On December 30, 1976, the township, which

was then a township of the first class, enacted an ordinance pursuant to Section 2 imposing a tax of 2½ mills on the gross receipts of:

[a]ll businesses, trades, occupations and professions in which there is offered any service or services to the general public or a limited number thereof, including without limitation those enterprises engaged in by . . . lawyers . . . .

On January 1, 1977, the township changed its form of government from that of a statutory township of the first class to a township under Home Rule Charter. On December 29, 1977, the township enacted Ordinance No. 1430 which amended and reenacted the existing business privilege taxing ordinance by increasing the rate to 3½ mills but making no other pertinent change.

In 1977, 1978, and 1979, the township notified the appellant to register its profession with the township as required by the ordinance, but the appellant refused, claiming that it was exempt because it paid the Pa. R.D.E. 219 fees.

The township filed a criminal complaint against the appellant, charging it with violating the taxing ordinance by failing to register for the years 1977, 1978 and 1979. Hearing on the criminal complaint was stayed pending the filing by the appellant of a complaint in equity to enjoin the township from prosecuting its criminal complaint and from seeking to collect a business privilege tax from the appellant.

In the equity action the trial court, as noted, held that the Pa. R.D.E. 219 fee did not constitute a state license fee within the meaning of the Local Tax Enabling Act and refused the appellant's request for an injunction against the township from prosecuting its criminal complaint and from collecting the business privilege tax.

The appellant presents four issues for review:

I.   Whether the Cheltenham Business Privilege Tax may be assessed against a law firm which also pays the Pa. R.D.E. 219 fee to the Pennsylvania Supreme Court for each of the attorneys in its firm.

II.   Whether the township had the authority to enact Ordinance No. 1430 after it changed its form of government to a home rule charter.

III.   Whether the business privilege tax violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and the uniformity clause of the Pennsylvania Constitution.

IV.   Whether the filing of a criminal complaint by the township under the business privilege tax ordinance violates Section 5108(b) of the Judicial Code, 42 Pa. C. S. §5108(b), prohibiting the arrest of defendants in civil matters.

## I.

The appellant contends that since it pays a fee to the Pennsylvania Supreme Court for each attorney it employs, it is not subject to levy, assessment or collection of the business privilege tax because Section 2(1) of the Local Tax Enabling Act, 53 P.S. §6902(1) prohibits such levy, assessment or collection with respect to an "occupation . . . which is now or does hereafter become subject to a state tax or license fee." The appellant says that the Pa. R.D.E. 219 fee is a license fee within the meaning of the Act, and that we should apply to the facts the test of *National Biscuit Co. v. Philadelphia,* 374 Pa. 604, 98 A.2d 182 (1953) where a "true" license fee was defined as:

> A charge which is imposed by the sovereign, in the exercise of its police power, upon a person within its jurisdiction for the privilege of performing certain acts and which has for its purpose the defraying of the expense of the regulation of such acts for the benefit of the general public; it is not the equivalent of or in lieu of an excise or property tax, which is levied by virtue of the government's taxing power solely for the purpose of raising revenue.

*Id.* at 615, 98 A.2d 187 (quoting Pennsylvania Liquor Control Board v. Publicker Commercial Alcohol Co., 347 Pa. 555, 560, 32 A.2d 914, 917 (1943)). The township counters by advancing the test delineated in *Philadelphia Tax Review Board v. Smith, Kline & French Laboratories*, 437 Pa. 197, 262 A.2d 135 (1970) as follows:

> [T]he power of cities under the Sterling Act is ousted only when the legislature has enacted a revenue-producing measure covering the same person, transaction, occupation, activity, privilege, subjects or personal property .... As a general rule, however, a revenue measure can be identified by (1) the large monetary income derived and (2) the large income compared to the costs of collection and supervision.

*Id.* at 202, 262 A.2d at 138. *See also Wightman Health Center v. City of Pittsburgh*, 59 Pa. Commonwealth Ct. 634, 636, 430 A.2d 717, 718 (1981) (payment of a state license fee is not per se preemptive of local taxing authority; it becomes so only when the fee is in fact a revenue-producing exercise of the taxing powers).

We need not decide whether the Pa. R.D.E. 219 fee is a "true" license fee within the meaning of *National Biscuit Co.* or a revenue-producing measure under

*Smith, Kline,* because the Pa. R.D.E. 219 fee imposed by the Supreme Court is an exercise neither of the police power nor of the power to tax. The legislative branch is vested, by Article XIII of the Constitution, with the power to tax. As the Supreme Court wrote in *Leahey v. Farrell,* 362 Pa. 52, 57, 66 A.2d 577, 579 (1949):

> Control of state *finances* rests with the legislature, subject only to constitutional limitations . . . . The function of the judiciary to administer justice does not include the power to levy taxes in order to defray the necessary expenses in connection therewith. (Emphasis in original) (citations omitted).

*See also Mastrangelo v. Buckley,* 433 Pa. 352, 362-63, 250 A.2d 447, 452 (1969); *Commonwealth v. Perkins,* 342 Pa. 529, 531, 21 A.2d 45, 47 (1941), *aff'd,* 314 U.S. 586 (1941); *Clouser v. Reading City,* 270 Pa. 92, 94, 113 A. 188, 189 (1921).

The police power is also vested in the first instance in the legislature. It is "the inherent power of a body politic to enact and enforce laws for the promotion of the general welfare." *Commonwealth v. Barnes & Tucker Co.,* 472 Pa. 115, 123, 371 A.2d 461, 465 (1977). The legislature determines what laws and regulations concerning licenses are needed to carry out the proper exercise of the police power, and courts may only determine whether such regulations bear a reasonable relation to those ends. *Flynn v. Horst,* 356 Pa. 20, 25, 51 A.2d 54, 56 (1947).

> The Supreme Court has the power to:
> [P]rescribe general rules governing practice, procedure and the conduct . . . for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of this judicial branch. . . .

Article V, Section 10(c) of the Constitution of Pennsylvania. In furtherance of its power to supervise attorneys who are its officers, the Supreme Court promulgated Pa. R.D.E. 219 imposing a fee to be used to defray the cost of disciplinary administration and enforcement. This is neither a "true" license fee promulgated under the police power as defined in *National Biscuit Co.*, nor a revenue-producing measure enacted under the taxing power as defined in *Smith, Kline.* In sum, the payment of the Pa. R.D.E. 219 fee by the appellant does not prevent the township from levying, assessing and collecting its business privilege tax.

We observe that Pa. R.D.E. 219 requires that "[e]very attorney admitted to practice" pay the annual fee; it makes no requirement of the payment of such fees by professional corporations for the attorneys in its employ. It seems to us that the appellant, having merely volunteered to pay the Pa. R.D.E. 219 fees of its lawyer—employees, is in poor stead to advance such payments as ground for escaping the township's business privilege tax.

## II.

Second, the appellant challenges the township's authority to enact Ordinance No. 1430 after it changed its form of government to a home rule charter. The township's business privilege tax was originally adopted by the township when the township was a township of the first class. The township later adopted a home rule charter pursuant to the Home Rule Charter and Optional Plans Law.[1] Section 302(f) of the Home Rule Charter and Optional Plans Law, 53 P.S. §1-302(f) provides.

---

[1] Act of April 13, 1972, P.L. 62, *as amended*, 53 P.S. §§1-101-1-1309.

(f) Nothing contained herein shall limit or take away any right of a municipality which adopts a home rule charter from levying any tax which it had the power to levy had it not adopted a home rule charter.

## III.

The appellant's constitutional attack on the ordinance as being in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution and the uniformity clause of the Pennsylvania Constitution is totally misdirected. Its complaint, as we understand it, is that the ordinance permits the township to discriminate between defaulting taxpayers by proceeding criminally to the end of imprisonment against some and suing others civilly. The ordinance permits no such thing. It provides, as do all local tax ordinances, that unpaid taxes shall be collected as other debts due the township; and that persons who fail to comply with the terms and provisions of the ordinance may be subject to fines and costs and, in default thereof, to imprisonment. The criminal complaint filed against the appellant here does not charge it with nonpayment of the taxes but with failure to register its place of business as required by the ordinance. Moreover the appellant, a corporation, cannot be imprisoned. *United States v. Cotter,* 60 F.2d 689 (2d Cir. 1932), *cert. denied,* 287 U.S. 666 (1932).

## IV.

The appellant's contention that because persons may be charged criminally for violating the ordinance, the ordinance offends Section 5108(b) of the Judicial Code, 42 Pa. C. S. §5108(b) providing:

Except in an action for fines and penalties, or as a punishment for contempt, or to prevent

departure from the Commonwealth, a defendant
may not be arrested in any civil matter,
is also meritless. The thesis seems to be that it is
charged criminally with failing to pay the tax, a civil
matter. The appellant has not been charged with a
failure to pay a tax, but with a failure to comply with
a provision of the ordinance requiring all businesses
to register, and for this failure fines and, in default of
payment, imprisonment might be imposed. This town-
ship ordinance is typical of township ordinances and
it closely tracks the statute. Section 1502 of the First
Class Township Code, Act of June 24, 1931, P.L. 1206,
*as amended,* 53 P.S. §56502. Further, as we noted in
part III, *supra,* the Judicial Code prohibits imprison-
ment for debt, including the debt of taxes.

Order affirmed.

ORDER.

AND Now, this 10th day of June, 1983, the order of
the Court of Common Pleas of Montgomery County
in the above-captioned matter is affirmed.