## Gold v. Northampton Township

*Marvin H. Gold,* per se.
*Jeremiah Cardamone,* for Northampton Twp.
*Derek J. Reid,* for Council Rock Sch. Dist.

GARB, *P.J.,* October 18, 1985—Defendant Council Rock School District has moved for judgment on the pleadings. Such motion is granted and judgment will be entered in favor of this defendant.

Plaintiff is an attorney at law, admitted to practice and licensed to do so in this Commonwealth. Defendant Council Rock School District is the school district in which plaintiff resides. The complaint asserts that defendant has assessed an annual tax on the occupation of being a lawyer in the sum of $200. The complaint further asserts that plaintiff paid the tax in protest for the years 1983 and 1984 together with approximately $60 in penalties. He claims in the complaint to have filed for a refund which was either not acted upon or denied by defendant. The complaint asserts that, as an attorney, the said tax may not be imposed upon him. He further asserts in Count II of the complaint that inasmuch as the levy and collection of the tax in question is applied in the same amount to all attorneys regardless of income, it is arbitrary and irrational. On these two bases, he seeks a refund of the taxes paid.

An answer was filed to this amended complaint essentially admitting the operative facts but denying the legal conclusions that such tax may not be imposed upon an attorney at law or that the tax is arbitrary for failing to recognize the disparity in income of attorneys within the class. Thereafter, this defendant moved for judgment on the pleadings.

The tax in question was imposed under and pursuant to the provisions of the Local Tax Enabling Act, the Act of December 31, 1965, P.L. 1257, §1, 53 P.S. §6901 et seq. As most recently amended, the act, in relevant part, provides that the duly constituted authorities of various political subdivisions, including school districts of the second class, which is what Council Rock School District is, may, in their discretion, by ordinance or resolution, for general purposes:

". . . levy, assess and collect or provide for the levying, assessment and collection of such taxes as

they shall determine on persons, transactions, *occupations*, privileges, subjects and personal property within the limits of such political subdivisions . . . ." (Emphasis supplied.)

Subsection 1 of the foregoing section of the Local Tax Enabling Act, 53 P.S. §6902(1), provides that such local authorities shall not have authority by virtue of this act to levy, assess and collect or provide for the levying, assessment and collection of any tax ". . . or on a privilege, transaction, subject, *occupation* or personal property which is now or does hereafter become subject to a state tax or license fee." (Emphasis supplied.)

Plaintiff relies upon this exclusion as the basis upon which he asserts that the tax may not be imposed upon the occupation of attorney because of his payment of the assessment imposed by the Supreme Court of Pennsylvania under and pursuant to Pennsylvania Supreme Court Rule of Disciplinary Enforcement 219. For purposes of the application of the Local Tax Enabling Act, it was held in Meitner v. Township of Cheltenham, 75 Pa. Commw. 46, 460 A.2d 1235 (1983), that this assessment does not constitute a state tax or license fee. Rather, the Commonwealth Court held that this assessment falls within the power of the Supreme Court under Article X, section 10(c) of the Constitution of Pennsylvania in furtherance of its power to supervise attorneys who are the officers of the court. Therefore, this contention of plaintiff must fail.

Plaintiff's contention that the tax is somehow unlawful for its failure to take account of the disparity of income of attorneys is likewise without merit. It has been held on several occasions that such a tax does not run afoul of the uniformity clause of the Pennsylvania Constitution. In Crawford v. South Fulton School District, 431 Pa. 324, 246 A.2d 332

(1968), it was pointed out that there is a distinction between an occupation and income tax. As was noted therein, an occupation tax must be identical for all members of a particular occupation. Clearly, the tax herein is an occupation and not an income tax. In Crosson v. Downingtown Area School District, 440 Pa. 468, 270 A.2d 377 (1970), it was contended by those attacking the tax that it is a disguised income tax. The court therein held that the court has long recognized the distinction between occupation and income taxes, an occupation tax being peculiar in its character:

"It is not a tax upon property, but upon the pursuit which a man follows in order to acquire property and support his family. It is a tax upon income in the sense only that every other tax is a tax upon income; that is to say, it reduces a man's clear income by the precise amount of the tax. But it is an income tax in no sense." Crosson v. Downingtown Area School District, supra.

Finally, the precise question was most recently addressed in Haberman Appeal, 37 Pa. Commw. 97, 388 A.2d 1159 (1978), wherein a physician attacked the same tax on the basis that it failed to take into account the disparity in income of various specialists within the practice of medicine. Therein, the Commonwealth Court dismissed this contention citing as follows from Banger's Appeal, 109 Pa. 79 (1885):

"[I]t will not do to tax one member of a class $100 and another member of the same class $1,000, upon the supposition, or even upon the fact, that, the one earns more than the other. An "occupation" tax is peculiar in its character. It is not a tax upon property, but upon the pursuit which a man follows in order to acquire property and support his family. It is a tax upon income in the sense only that every other

tax is a tax upon income; that is to say, it reduces a man's clear income by the precise amount of the tax."

Therefore, we conclude herein that the nature of the tax is such as to satisfy the uniformity clause of the Pennsylvania Constitution inasmuch as it imposes the same tax upon all members of the class. Furthermore, as we have found, the tax does not violate section 3902(1) of the Local Tax Enabling Act prohibiting a tax upon an occupation subject to a state tax or license fee. No such tax, or license fee, as those terms are defined, are imposed upon plaintiff as a practicing attorney.

For the foregoing reasons, the motion of defendant Council Rock School District for judgment on the pleadings will be granted.

### ORDER

And now, this October 18, 1985, it is hereby ordered that judgment on the pleadings be entered in favor of defendant Council Rock School District and against plaintiff and the complaint as to that defendant is dismissed.