**Springfield Township v. Springfield Associates**

*Harry J. Bradley,* for plaintiff.
*Leslie Weisse,* for defendant.

McGOVERN, *J.,* October 1, 1987—Defendant, Springfield Associates, appeals from a verdict entered by the court sitting without jury upon evidence submitted by stipulation.

Plaintiff, Springfield Township, is a first-class township within Delaware County.[1] Defendant, Springfield Associates t/a Springfield Mall, is a limited partnership operating the Springfield Mall located in Springfield Township, Delaware County. Plaintiff, pursuant to the provisions of Pennsylvania's Local Tax Enabling Act, 53 P.S. §6901 et. seq., adopted a Business Privilege Tax ordinance and seeks herein to impose that tax upon defendant as it does upon other businesses located within its jurisdiction. Springfield Mall contends that it is not subject to the township's Business Privilege Tax; and, if subject to that tax that certain Common Area Maintenance charges should not be included within defendant's taxable receipts; and, finally, defendant contends that the applicable statute of limitations barred recovery of certain civil penalties arising from defendant's admitted non-payment. The trial court concluded that defendant's gross receipts

---

1. 53 P.S. §55201.

were subject to plaintiff's Business Privilege Tax and that those receipts identified as CAM charges are properly included within gross receipts but that the statute. of limitations precluded plaintiff from collecting certain penalties. Since the contention concerning statute of limitations is not the subject of an appellate issue it will be discussed no further.

Plaintiff adopted ordinance no. 1024 incorporating its prior ordinance concerning Business Privilege Tax without any substantial changes relevant to the consideration at bar. Plaintiff's ordinance is identified as having been adopted January 8, 1980, and numbered 1024 §129-53-129-70, a copy of which is part of the instant record. Plaintiff enacted that ordinance pursuant to the delegation of taxing powers from the commonwealth. 53 P.S. 6902. Defendant does not attack the propriety of plaintiff's ordinance or its general applicability but only contends that the mall is not subject to that tax.

Plaintiff, in its discretion, determined it appropriate to, among other things, impose a tax upon business transactions within its borders as is permitted by statute. Plaintiff's ordinance seeks to tax ". . . all businesses, trades, occupations and professions in which there is offered any service or services to the general public or a limited number thereof, . . . ." Ordinance 124 §129-54.

The township ordinance sets forth a number of taxpayer examples but does not preclude ordinance coverage to those businesses specifically delineated. The same ordinance provides that a "person . . . [is] . . . any . . . limited partnership. . . ." Ordinance 1042 §129-54.

The same section. of the same ordinance defines "service" as "any act or instance of helping or benefitting another for a consideration." Ordinance 1024 §129-54.

Plaintiff's Business Privilege Tax is imposed upon the gross receipts of taxpayers. Gross receipts "include[s] the gross amount of cash, credits, or property of any kind or nature received . . . by reason of any . . . service rendered or commercial or business transactions in connection with any business, trade, occupation or profession." Ordinance 1024 §129-54.

The ordinance lists specific exceptions. Defendant does not contend that it comes within the stated exceptions contained either in the Local Tax Enabling Act or in the local tax ordinance. The parties agree that defendant has failed to file any returns.

Defendant's business involves the management and operation of the Springfield Mall. Defendant as part of its business collects certain CAM charges which represent payment by tenants for independent contractors hired by defendant to perform security, landscaping, parking lot maintenance, snow removal and elevator maintenance.

## TAX LIABILITY

Defendant mall contends that it has no liability to pay the Springfield Township Business Privilege Tax; contending basically that it does not provide "any service or services to the general public or a limited number thereof." Ordinance 1024, supra.

Plaintiff, pursuant to Pennsylvania's Local Tax Enabling Act (53 P.S. 6902 et. seq.) is empowered to adopt a business privilege tax. See *Rose Township v. Hollobaugh*, 179 Pa. Super. 284, 289, 116 A.2d 323, 325 (1955). Essentially all potential taxes which are not specifically excluded by the enabling act are included in a Municipalities Authority to Tax. See *Busse v. City of Pittsburgh*, 443 Pa. 349, 353-54, 279 A.2d 14 (1971); *University Club v.*

*Pittsburgh,* 440 Pa. 562, 271 A.2d 221 (1970); *Connelly v. Board of Commissioners,* 20 D.&C.3d 267 (1981). There is no issue presented in the case at bar attacking the Tax Enabling Act or suggesting that the Business Privilege Tax ordinance of plaintiff is not within that grant of authority.

Plaintiff's Business Privilege Tax ordinance provides:

"129-56 Imposition of Tax (Amended 1-29-81 by Ord. No. 1024)

"Every person engaging in a business, trade, occupation or profession in the township in which there is offered any service or services to the general public or a limited number thereof shall pay an annual business privilege tax . . . on each person's gross receipts."

Terminology has been defined hereinabove. Defendant has failed to file any Business Privilege Tax Return or to pay any of the imposed taxes from 1979 through 1982.

The threshold inquiry requires a determination as to whether defendant mall services "the general public or a limited number thereof." Defendant suggests that its services are restricted to a closed group of entrepreneurs found acceptable as tenants in the mall. Since not everyone is an accepted tenant the general public is not served suggests defendant. A fair analysis of defendant's business however suggests that such a restrictive definition is inappropriate. Defendant is in the business of managing and operating a major shopping mall. The mall naturally desires to attract as many people into its stores and environs as possible since it is that attraction that will draw economically stable entrepreneurs or tenants into the mall. The mall has apparently determined that in order to attract tenants and the general shopping public to tenant's emporiums a certain

quantum of control, efficiency and uniformity in the operation and maintenance of the Springfield Mall is desirable. A successful shopping atmosphere benefits both the tenants and Springfield Associates. A failure to attract customers to tenant's stores will eventually eliminate the tenants and consequently defendant's opportunity to operate and maintain the mall. The degree and wisdom of benefit between defendant, its tenants, and the people using this mall is a business consideration and not one requiring judgment by this court. Defendant suggests that it is merely a conduit for private contractors who perform necessary services and an organizer functioning without benefit to itself. The evidence does not support that conclusion. If defendant were a mere conduit as to any aspect of the services then, in light of our present economy, there would be a multitude of non-taxable businesses because expertise and specialization provided by independent businesses or groups is very much a part of the final product in most of the goods and services we consume. The general contractor is subject to tax just as is its subcontractor. Therefore, whether the general public, or "a limited number thereof," defines the group of tenants who decide to contract with defendant or a broader group of tenants and their potential customers the conclusion is the same. Defendant does its business with at least a limited number of the general public. Clearly the control, efficiency and uniformity accomplished by defendant's function within the Springfield Mall complex benefits not only tenants but their customers as well and these are, of course, services paid for directly by the tenants and, as a matter of fact, indirectly by the customers.

The object of all interpretation and construction of statutes is to ascertain and effectuate the inten-

tion of the Legislature. *Estate of Osborne,* 363 Pa. Super. 200, 525 A.2d 788 (1987).

"In a broad sense a municipal ordinance is a statute . . . and the rules of construction are the same as those applied in construing statutes of the Legislature to determine the intention of the municipal legislative body and to give it effect." *Marple Township v. Lyndan,* 187 Pa. Super. 288, 291, 30 A.2d 208, 210 (1943).

When an ordinance is susceptible to more than one interpretation, the intention of the legislative body may be ascertained by considering the object and consequence of the legislation; the court must presume that the legislature does not intend a result that is either absurd or unreasonable. See *Osborne,* supra, 525 A.2d 788, 793.

A cursory reading of the ordinance in the case at bar supports the conclusion that defendant's business activities fall within the statutory scope of the ordinance:

"It is the intent of the board of commissioners to impose a tax on the privilege of conducting the business of operating an office and/or residential apartment building, and the renting of space to tenants of such buildings shall be deemed to be the minimum sufficient activity to constitute the conduct of a business under the terms of this ordinance, and such minimum activity shall not be deemed to be merely preserving the asset of the property." Section 129-65(c).

Defendant suggests that it derives no financial benefit from the sums paid by its tenants and merely charges a "maintenance fee" for its services. The court is not convinced that defendant can escape tax liability merely by employing independent contractors, as distinguished from its own employees,

to perform services which are, in any event, defendant's obligation to perform. It would seem that if defendant hires maintenance personnel itself, performed the services and made the same profit, it would be unquestionably liable for this tax. *Diamond Auto Leasing Inc. v. Township of Cheltenham,* 106 Pa. Commw. 161, 525 A.2d 870 (1987). The tactic of substituting independent contractors for one's own employees ought not to serve as a shield to tax liability. Defendant, after all, provides services that enhance the marketability of its rental space, thereby creating a shopping location where merchants are desirous of becoming members. This merchant's association is not, as defendant suggests, a closed group lifting it from the definition of "general public." It is correct to state that the tenants, or merchants, of the Springfield Mall are a group selected by defendant and limited to the number of available rental spaces. The potential tenant is, of course, a member of the "general public" and vacancies are filled from that group so long as some minimum economic requirements, including ability to pay rent and other charges, can be reasonably shown. The criteria employed by defendant to determine whether or not a business may become a tenant in the mall and thereby a member of the merchant's association, are merely economic indicators which will hopefully predict a tenant's ability to pay for and maintain their space. This mall is no different than an apartment complex or office building in which tenants are required to meet certain economic criteria as conditions precedent to a lease. Plaintiff's ordinance specifically refers to office and apartment complexes and states that its examples are not limited to such business structures. (Springfield Township Business Tax Ordinance 1024 §§129-54 and 129-56).

"The word 'public' in its most comprehensive sense, is the opposite of 'private' and as city, borough and township taxes, whether road, school or poor, are certainly not imposed for any merely private purpose, they must certainly be considered public taxes." *Overseers of the Poor of Benezette v. Overseers of the Poor of Huston,* 135 Pa. 393, 19 Atl. 1060, 1061 (1890).

Defendant suggests that the use of the words "general public or a limited number thereof" represents the use of mutually inconsistent terms and therefore, obfuscates the clear meaning of this ordinance. This court does not agree. The definition of the whole is the same as the defintion of a part from that whole and differs only in quantity. One would not suggest that a piece of cherry pie is not cherry pie! Defendant, in support of its argument in this regard cites *Commonwealth v. Loyal Order of Moose Lodge* No. 148, 188 Pa. Super. 531, 149 A.2d 565 (1959).

The case at bar is distinguishable since the tenants of this mall do not come together for the non-profit mutual fraternal edification of its members as does the Loyal Order of Moose Lodge but rather come together for the sole purpose of enhancing their individual profit benefitting themselves and their customers. While it is clear that ordinances must be strictly construed and should not be vague or indefinite, a fair reading of Springfield Township's ordinance 1024 does not give rise to confusion or vagueness. "It is well settled that in construing any statute, all the language shall be considered, and such interpretation placed upon any word or phrase appearing therein as was within the manifest body which enacted the law. . . ." Defendant also cites a Vermont Supreme Court decision in support of its position: *Brattleboro Child De-*

*velopment Inc. v. Town of Brattleboro,* 138 Vt. 402, 416 A.2d 152 (1980). That case is likewise distinguishable from the matter sub judice because the court was concerned there with not only strict construction of the tax statute but the narrow confines of an exemption to that statute whereas at bar we are confronted with the taxing act itself and not any exception thereto. Defendant provides a service ("any act or instance of helping or benefitting another for consideration." Ordinance 1042 §129-54.) to the "general public of a limited number thereof" and its gross receipts for those services are subject to plaintiff's Business Privilege Tax.

## COMMON AREA MAINTENANCE CHARGES

Springfield Mall argues that if subject to the Business Privilege Tax its gross receipts should not include charges made for the CAM (cf. 3 of this opinion) Defendant contends that it is but a conduit used to pay independent contractors who perform various services for the mall's tenants and not a "gross receipt" pursuant to plaintiff's ordinance.

It is well established that statutes authorizing political subdivisions to levy taxes are to be strictly construed. *Gilberti v. City of Pittsburgh,* 511 Pa. 100, 511 A.2d 1321 (1986). It is equally well established that the rules of statutory construction require that statutes exempting persons or property from taxation must also be strictly construed. The principle of strict construction of provisions for exemption from taxation has been affirmed by the Pennsylvania Supreme Court on numerous occasions. *Commonwealth v. Peters Orchard Company,* 511 Pa. 465, 515 A.2d 550 (1986). If something is not specifically exempt from taxation, either by state statute or by local ordinance it is taxable.

A township tax on receipts of business does not exceed the authority granted to a township under the Pennsylvania Local Tax Enabling Act, 53 P.S. §6902. Essentially, all potential taxes which are not specifically *excluded* by the enabling act are *included.* in a municipality's authority to tax. See *University Club v. Pittsburgh,* 440 Pa. 562, 271 A.2d 221 (1970); *Connelly v. Board of Commissioners,* 20 D.&C.3d 267 (1981). In the case at bar, there are no exemptions provided for in either 53 P.S. §6902 or in ordinance 1024 which would relieve defendant from taxation on receipts because they did not generate income or benefit defendant. (It has been previously noted that this court does not agree with defendant's contention that it did not benefit from the management fees on CAM charges.) Thus, in the absence of an exemption, the ordinance imposes taxation on gross receipts without regard to profitability or related expenses of defendant. *Wightman Health Center v. Office of Treasurer, City of Pittsburgh,* 59 Pa. Commw. 634, 430 A.2d 717 (1981); *Shelburne Sportswear Inc. v. Philadelphia,* 422 Pa. 199, 220 A.2d 798 (1966). Ordinary and basic methods of accounting define the term gross receipts as including the total gross receipts without allowance for any deduction. *Commonwealth v. Koppers Company Inc.* 397 Pa. 523, 156 A.2d 328 (1959). No authority has been offered this court nor has any section of the enabling legislation or the ordinance in question been cited lending support to defendant's contention that the maintenance charges in question should not be included within its gross receipts. Defendant complains that it realizes no income, nor profit nor other benefit from these CAM charges, but rather that it is merely a conduit to receive these payments from tenants and pays independent contractors for their services. There is no evidence in.

the record to support this contention but, in any event, the ordinance in question defines gross receipts as "cash, credit or prop- erty of any kind or nature . . . allocable or attributable to . . . service rendered . . . or commercial or business transactions in connection with any business, trade, occupation or profession." Ordinance 1024 § 129.54.

The court has already noted however defendant does receive a benefit in creating what it sees as improved commercial environment enhancing a merchant's desirability to locate therein and in providing an efficient, uniform and controlled mall shopping area. Thus, the availability of customers and merchants willing to pay higher prices and rents for the benefit of defendant are more readily accessed. "That the ordinance does not prohibit exclusion of payments received for services rendered through an independent contractor is of no consequence; the dispositive consideration is that nothing in the ordinance permits such exclusions." *Wightman Health Center v. Office of Treasurer, City of Pittsburgh,* supra at 637, 430 A.2d at 718. The Wightman Health Care Center there argued that Medicare, Medicaid and other third-party payments should be excluded from its gross receipts for tax purposes. It argued, as defendant does here, that the taxpayer was merely a conduit for the flow of funds. The Commonwealth Court rejected that argument finding that the city's Business Privilege Tax did not exclude from taxable gross receipts the mentioned payments. The rationale is applicable to the case at bar. There is no exclusion of the CAM charges paid to defendant and therefore, such should be included as part of defendant's gross receipts for tax purposes.

It is for the foregoing reasons that verdict was entered in favor of plaintiff and against defendant find-

ing defendant, Springfield Associates trading as Springfield Mall, liable to Springfield Township for Business Privilege Taxes computed upon all of defendant's gross receipts including the CAM receipts.