559 A.2d 613

**CITY OF PITTSBURGH, a municipal corporation, Appellant,**

**v.**

**John D. CONLEY, t/d/b/a Duffy's Vending, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1989.

Decided June 8, 1989.

Gretchen G. Donaldson, Associate Sol. and D.R. Pellegrini, City Sol., Pittsburgh, for appellant.

Wendell G. Freeland, Margaret M. Hock, and Freeland & Kronz, Pittsburgh, for appellee.

Before CRUMLISH, Jr., President Judge, and COLINS, J. and BARBIERI, Senior Judge.

COLINS, Judge.

The City of Pittsburgh (City) appeals an order of the Allegheny County Court of Common Pleas (trial court) which preliminarily enjoined the City from revoking the mechanical/electronic amusement device license of John D. Conley, t/d/b/a Duffy's Vending (appellee) until final disposition of appellee's appeal of a criminal conviction of a violation of Section 5513(a) of the Crimes Code, 18 Pa. C.S. § 5513(a) (maintaining a gambling device). We reverse.

Appellee was licensed by the City pursuant to Chapter 777 of the City Code of Ordinances (City Code) to provide mechanical/electronic amusement devices to customers

within the City. Appellee is licensed for seventy-five (75) of these devices which are placed throughout various establishments in the Pittsburgh area. On March 16, 1988, appellee was found guilty of violating 18 Pa. C.S. § 5513(a) (maintaining a device to be used for gambling purposes, in this instance a poker machine). As a result, appellee received a sentence of two years probation and a fine of Two Thousand Five Hundred Dollars ($2,500.00). Appellee appealed this decision to the Superior Court of Pennsylvania, and the outcome is still pending.

On October 3, 1988, the City notified appellee that his licenses for mechanical/electronic amusement devices were being revoked pursuant to Section 777.07 of the City Code, which mandates that in the event an owner of a mechanical/electronic device is convicted of violations of any of the gambling laws of Pennsylvania, each City license issued to that person shall be revoked. This notice also informed appellee that his customers would be notified immediately of the license revocation and, accordingly, he was ordered to remove all of his machines from all locations within the City.

Section 701.15 of the City Code provides:

(a) Any person aggrieved by any action of the License Officer may request a hearing before the License Officer within ten days following the effective date of any action complained thereof. The appeal shall set out a copy of the order or decision appealed from and shall include a statement of the facts forming the basis of the appeal.

(b) A copy of such appeal shall be filed by the appellant with the License Officer at the time of the filing ... and the hearing shall be held within fifteen days from the date of appeal.

Rather than appeal his license revocation to the license officer, on October 6, 1988, appellee obtained an ex parte preliminary injunction which restrained the City from revoking his mechanical/electronic amusement device licenses and from notifying his customers of the revocation until final disposition of the criminal proceedings. The City

subsequently moved to dismiss the injunction on October 11, 1988, arguing that the trial court lacked jurisdiction to enter an injunction, since appellee failed to exercise the exclusive statutory remedy of appeal of the administrative revocation action. This motion was denied, however and the preliminary injunction continued in effect.

The City now appeals to this Court contesting the validity of the injunction. As a result of the present appeal, the order of the trial court, dated October 11, 1988, was stayed pursuant to Pa.R.A.P. 1736(b). Consequently, on October 24, 1988, appellee filed a petition for elimination of the automatic supersedeas to which the City responded by filing a response in opposition to the petition for elimination of the automatic supersedeas. The trial court issued an order which directed that the automatic supersedeas not be applicable.

The question presented for our disposition is whether the preliminary injunction was properly entered by the trial court. This Court's scope of review of the grant of a preliminary injunction is to determine whether the record contains apparently reasonable grounds to justify the order of the trial court. *T.W. Phillips Gas and Oil Co. v. Peoples Natural Gas Co.*, 89 Pa.Commonwealth Ct. 377, 492 A.2d 776 (1985).

■■■■ Appellee argues that the trial court clearly had jurisdiction over the present matter to enter a preliminary injunction, since the statutory remedy provided by the City Code was inadequate. It is submitted that the harm which appellee would suffer without the injunction was immediate and irreparable, since the City intended to immediately notify appellee's customers of the revocation of his license. Once appellee's machines were replaced by those of other vending machine operators, appellee argues that he would be unable to regain this business and would be irreparably harmed because he would be unable to seek compensation for any monetary loss from the City since the City is immune from liability.

The City, on the other hand, argues that the trial court lacked jurisdiction over this matter, since appellee failed to exercise the exclusive statutory remedy provided by the City Code. Accordingly, the City asserts that as a result of appellee's failure to avail himself of the statutory remedy in a timely fashion, he has waived it, as well as the right to invoke the trial court's equity jurisdiction. We agree.

It is a well established principle that where a statutory remedy is provided "which is mandatory and exclusive, equity is without power to act in relief of a party who has failed to pursue that remedy." *Aquarian Church of Universal Service v. County of York,* 90 Pa.Commonwealth Ct. 290, 293, 494 A.2d 891, 892 (1985); *See also South Coventry Township v. Philadelphia Electric Co.,* 94 Pa.Commonwealth Ct. 289, 504 A.2d 368 (1986); *Lashe v. Northern York County School District,* 52 Pa.Commonwealth Ct. 541, 417 A.2d 260 (1980). In the present matter, Section 701.15 of the City Code clearly provides for a hearing for an aggrieved party upon request. Accordingly, appellee could have requested such a hearing, as well as a stay of the revocation and notification of appellee's customers, pending further review.[1] Such a hearing before the license officer would have provided the record required for judicial review. *See* Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b).

Based upon the foregoing, we hold that the trial court improperly entered a preliminary injunction restraining the City from revoking appellee's mechanical/electronic amusement licenses, as the trial court lacked jurisdiction to enter such an order.[2] Appellee had a statutorily available remedy, which could have adequately resolved the present dispute. Unfortunately, appellee failed to pursue that remedy.

1. We acknowledge that if the license officer would have denied a stay of the revocation of the license and the notification of appellee's customers pending the disposition of the criminal proceeding, an appeal to the trial court would have been proper.

2. Because we have concluded that the trial court did not have jurisdiction to enter the preliminary injunction, we need not consider whether appellee established criteria necessary to entitle him to a preliminary injunction.

We cannot, however, permit appellee to have a second bite at the apple by invoking equitable remedies. As stated in *Kane v. Morrison*, 352 Pa. 611, 612, 44 A.2d 53, 54 (1945), "the doors of a court of equity which would be closed to a vigilant litigant because he has a statutory remedy do not open to him upon his showing that he has ignored that remedy."

Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, this 8th day of June, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.