561 A.2d 1309

**ALL PURPOSE VENDING, INC., a Corp. of the Commonwealth of Pa. and Kelly Brooks, d/b/a Novelty Store et al., Appellants,**

**v.**

**The CITY OF PHILADELPHIA and Council of Philadelphia, Appellees.**

**In ALL PURPOSE VENDING, INC. et al., Appellants,**

**v.**

**The CITY OF PHILADELPHIA, et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1988.

Decided July 20, 1989.

Reargument Denied Sept. 27, 1989.

would protect taxpayers from discrimination in violation of their right to equal protection.

416

Lewis H. Robertson, Levy & Robertson Ocean, N.J. and Stephen F. Dryden, Steinberg & Girsh, P.C., Philadelphia, Pa., (Pro Hac Vice Granted), for appellants.

Paul M. Fires, Asst. City Sol., Philadelphia, Pa., with him, Christine T. Bak, Chief Asst. City Sol., Andrew P. Bralow,

Chief Dep. City Sol., and Seymour Kurland, City Sol., for appellees.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

COLINS, Judge.

This is an appeal from an order of the Court of Common Pleas of Philadelphia County granting the cross-motion for summary judgment filed by the City of Philadelphia, the Police Commissioner, Mayor and Council of the City of Philadelphia (collectively, City). We affirm.

Each of the appellants [1] maintains for profit coin-operated mechanical amusement devices for film or video presentations. In order to comply with Sections 19–902 and 19–903 of the Mechanical Amusement Device Tax Ordinance, Philadelphia Code Chapter 19–900, §§ 19–902 and 19–903,[2] (tax or Ordinance), appellants registered their devices annually and paid the attendant tax.[3] The Ordinance prohibits the use of devices for which the tax has not been paid or to which a label, disc or tag issued for that device for the current year is not attached. See § 19–902 of the Philadelphia Code.

Until the end of 1982, the Ordinance imposed a $25.00 per device tax. In June of 1982, the Ordinance was amended to increase the tax to $100.00 per device, pertaining to tax due for 1983. The appellants received notice of the increase in late 1982.[4] This notification included copies of the City's form entitled: CERTIFICATE OF OWNERSHIP AND TAX RETURN Mechanical Amusement Device Tax. Each

1. Appellants include: All Purpose Vending, Inc., Kelly Brooks, d/b/a Elgee Novelty Store, Brighton Enterprises, Inc., Charley's Dream, Inc., Daniel Liss, d/b/a Danny's New Adam and Eve, 1632 Market Street Corp. and Wood Enterprises, Inc.

2. Philadelphia Code Chapter 19–900 was enacted pursuant to the authority granted by Section 1 of the Act of August 5, 1932, P.L. 45, *as amended,* 53 P.S. § 15971.

3. The Ordinance provides that a taxpayer may state the reasons why the tax is inapplicable to him.

4. The predecessor of All Purpose Vending, Inc., received this notice.

of the appellants tendered their completed form for 1983 and the attendant tax, thereby, registering their devices.

Appellants filed a complaint in equity in the trial court on July 18, 1985, alleging that the Ordinance, as applied to them, is unconstitutional. The appellants submitted that the Ordinance impermissibly imposes a tax on their free exercise of rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.[5] Claiming that the trial court should exercise its equitable jurisdiction as well as that conferred by 42 U.S.C. § 1983, appellants requested a declaration that the Ordinance, as applied to them, is unconstitutional, an order permanently enjoining the City from enforcing the Ordinance against them, compensatory damages, costs and attorneys fees.

Cross motions for summary judgment were filed by the parties. On October 10, 1986, the trial court entered an order denying appellants' motion. On November 19, 1986, in a separate order, the trial court granted the City's motion. Appellants appeal from the November 19, 1986 order.[6]

At the outset, we note an internal inconsistency with the trial court's opinion in this matter. After full discussion of the constitutionality of the Ordinance, the trial court opinion declares: "we refuse to assume equity jurisdiction over the case at bar." It is axiomatic that the trial court could not decide the issue if it lacked subject matter jurisdiction. We must conclude, therefore, that that portion of the trial court's opinion discussing the constitutionality of the Ordinance, although instructive, constitutes dicta.

■ The only issue for review then becomes whether the trial court was correct in declining to assume equity jurisdiction because appellants had failed to pursue adequate

---

5. U.S. CONST. amends. I and XIV.

6. Appellants filed a Notice of Appeal with the Superior Court of Pennsylvania on December 1, 1987 and a Notice of Appeal with this Court on December 19, 1987. On January 30, 1987 the Superior Court granted appellants' motion to transfer the matter to this Court. Thereafter, this Court, upon consideration of the Stipulation and Order to consolidate, consolidated the two appeals.

and available administrative remedies with the Department of Collections and the City of Philadelphia Tax Review Board (Tax Review Board).[7] For the reasons which follow we agree that equity jurisdiction was not properly conferred upon the trial court[8] and that the grant of summary judgment was proper because appellants failed to exhaust their administrative remedies.[9] The Pennsylvania Supreme Court has held that the mere fact that a constitutional question is raised as to the validity of a statute does not confer equity jurisdiction upon a court. *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974) (plurality opinion). One must show the existence of a *substantial* question of constitutionality and the absence of an adequate statutorily prescribed remedy. *Borough of Green Tree; Myers v. Department of Revenue,* 55 Pa. Commonwealth Ct. 509, 423 A.2d 1101 (1980).

Appellants submit that the available administrative remedies are inadequate for attacking the validity of the Ordinance. The two possible avenues of administrative relief afforded to taxpayers under the Philadelphia Code were laid out in *Robinson Protective Alarm Co. v. City of Philadelphia,* 581 F.2d 371 (3d Cir.1978):

> [t]he Philadelphia Code offers taxpayers two avenues of administrative relief. Section 19–1702 authorizes individuals to petition the Tax Review Board for review of the Department of Collections' determination that the taxpay-

---

7. The Tax Review Board is an administrative agency created by Sections 3–100(f) and 6–207 of the Philadelphia Home Rule Charter. *City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343, *cert. denied,* 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281 (1977).

8. *See City of Pittsburgh v. Conley,* 126 Pa. Commonwealth Ct. 306, 559 A.2d 613 (1989) (where adequate administrative remedies are available, equitable remedies may not be invoked).

9. We emphasize that our affirmance is on different grounds than those set forth by the trial court. The issue of whether the Ordinance is constitutional as applied to appellants was not properly before the trial court and has not been decided. Our decision today does not dispose of the constitutional issue, but instead, simply affirms the grant of summary judgment on the basis that appellants have adequate administrative remedies which to this Court's knowledge have not yet been pursued.

er has incurred liability on unpaid taxes. Alternatively, the taxpayer may pay the challenged tax and petition the Department of Collections for a refund pursuant to § 19-1703. Refunds may be sought for amounts 'paid under mistake of law or fact, or under an invalid law.' Grants or denials of refunds are reviewable by the Tax Review Board. Philadelphia Code § 19-703(4), (7).... Section 19-1706 of the Philadelphia Code authorizes taxpayer appeals from adverse decisions by the Tax Review Board in either a deficiency or refund action to be taken to any court of competent jurisdiction.

581 F.2d at 376-77 (footnotes omitted). *See also City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 545-46, 369 A.2d 1343, 1351, *cert. denied,* 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281 (1977).

■ It is asserted that because these options are coupled with sanctions for non-compliance,[10] the administrative process acts as a prior restraint on appellants' freedom of speech and is, therefore, inadequate. We agree with the trial court's conclusion that the Ordinance does not act as a prior restraint on appellants' right of free speech.

Actions of officials which have been condemned as constituting prior restraints by the U.S. Supreme Court are distinguishable from the scheme set up by the Philadelphia Code. In *Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975), injunctive relief was sought against a Chattanooga, Tennessee board for its refusal to allow the use of a municipal theater for the presentation of the musical "Hair." The Supreme Court held that the board's denial was violative of the First Amendment in that it imposed a prior restraint upon free

**10.** Printed on the back of the City's form sent to appellants with the notification of increase in tax (see p. 1310 this opinion) was a statement indicating:

Failure to comply with the requirements set forth in the Philadelphia Code and the Regulations may subject any person liable for the tax to a fine not exceeding $300.00 or to imprisonment not to exceed ninety (90) days for each violation, as provided by Section 1-109 of the Philadelphia Code.

speech. Unlike the situation in *Southeastern*, where the board had the discretion to deny an application for use of the public theatre, the City in the matter at hand has no discretion to refuse to issue registration tags once the tax is paid. No censorship of the exhibited material occurs here. We conclude that no prior restraint is present under the facts of the instant scenario.

 Likewise, we conclude that this case does not fall within what is commonly known as the "constitutional attack" exception to the exhaustion of administrative remedies doctrine. In order to fall within this narrow exception, one must attack the constitutionality of the statute as a whole and not merely as applied. *Smolow v. Department of Revenue,* 119 Pa. Commonwealth Ct. 324, 547 A.2d 478 (1988); *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 561, 493 A.2d 146 (1985). Here, appellants argue only that the Ordinance is unconstitutional *as applied* to them. This claim was insufficient to confer equity jurisdiction upon the trial court. We thus find that this constitutional claim is one for the administrative tribunal to adjudicate. *Smolow.*

An adequate avenue of relief was available to appellants through the administrative process before the Department of Collections and the Tax Review Board. The trial court correctly concluded that equity jurisdiction was not properly conferred.

Accordingly, we shall affirm the grant of summary judgment to the City, but on the sole basis that adequate administrative remedies were not pursued. We make no ruling as to the constitutionality of the Ordinance, but only upon the availability of the administrative appeals process. Since the constitutional validity of the Ordinance as applied to the appellants was not properly before the trial court, it is not reviewable by this Court.

Order affirmed.

## ORDER

AND NOW, this 20th day of July, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.