**Doris PARSOWITH, Executrix of the Estate of Bernard Parsowith, Deceased, as surviving spouse and sole beneficiary of his Estate, on her behalf and on behalf of all others similarly situated, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1997.

Decided Nov. 7, 1997.

Richard P. Myers, Philadelphia, for petitioner.

Howard G. Hopkirk, Harrisburg, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

We consider herein the preliminary objections of the Commonwealth of Pennsylvania, Department of Revenue (Commonwealth), to a petition for review filed in our original jurisdiction by Doris Parsowith (Parsowith), the executrix and sole beneficiary of the estate of her deceased husband, Bernard Parsowith.

Parsowith seeks to have us declare unconstitutional a portion of Pennsylvania's Inheritance and Estate Tax Act (Act), Article XXI of the Act of March 4, 1971, P.L. 6, as amended, 72 P.S. §§ 9101—9196.[1] The Act formerly taxed transfers of property passing to or for the use of a surviving spouse at the rate of six percent. However, that tax rate was reduced after the Act was amended on June 30, 1995, so that Sections 2116(a)(1.1)(i) and (ii) of the Act now provide a tax rate of

(i) "three percent for estates of decedents dying on or after July 1, 1994, and before January 1, 1995"; and (ii) "zero percent for estates of decedents dying on or after January 1, 1995." 72 P.S. § 9116(a)(1.1)(i), (ii).

Before the Act was amended, Parsowith was widowed on July 9, 1993, and in 1994 she filed survival and wrongful death actions against various manufacturers of asbestos products. She has received settlements from those suits and, prior to January 1, 1995, paid inheritance taxes thereon at the rate of six percent. She does not seek a refund of those taxes, which she believes were properly assessed because they were based on a tax rate under the Act that applied to all surviving spouses at the time.

However, in September 1996, after the Act was amended, Parsowith paid $1,674.84 in inheritance taxes on settlements from her suits, based on a tax rate of six percent, and she expects that she may have to pay inheritance taxes at that rate on future settlements. Parsowith states that, although she believed the legislature's reduction of the inheritance tax rates for surviving spouses under the Act was generally laudable, it rankled her to learn that other widows, whose husbands died after January 1, 1995, would pay no tax on such lawsuit proceeds.

Based on these circumstances, Parsowith in 1997 filed a complaint against the Commonwealth in the Philadelphia County Court of Common Pleas, seeking a declaration that the scheme of taxation outlined above is unconstitutional. Specifically, she asserted that the Act as amended runs afoul of the Uniformity Clause of the Pennsylvania Constitution, PA. CONST. art. VIII, § 1; the Equal Protection Clause of the Pennsylvania Constitution, PA. CONST. art. I, § 26; and the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV. Parsowith also sought other equitable relief and the certification of the action as a class action on behalf of all others similarly situated.

The parties subsequently agreed to transfer the action to this Court, and we entered an order treating the complaint as a petition for review addressed to our original jurisdic-

---

1. Article XXI was added by the Act of August 4, 1991, P.L. 97, as amended.

tion. The Commonwealth then filed the preliminary objections now before us, asserting that (1) the petition for review fails to state a claim because the challenged provisions of the Act comport in all respects with the requirements of the Constitutions of the United States and Pennsylvania; (2) this Court lacks jurisdiction over this matter because Parsowith has failed to exhaust her adequate administrative remedies; (3) a statutory tax refund has been provided for by the legislature, and therefore certification of a class action in this matter would be inappropriate; and (4) this action is barred by the applicable statute of limitations.

In opposing the preliminary objections, Parsowith essentially maintains that the Act is patently unfair, discriminatory, and without rational basis because the settlement money she received after January 1, 1995 was taxed at six percent based on her husband's date of death in 1993, while surviving spouses whose spouses died after January 1, 1995, and received the same type of property, were subject to a tax rate of zero percent. She claims that this non-uniform scheme of taxation violates the constitutional provisions cited above. *See Moore Estate*, 445 Pa. 17, 283 A.2d 50 (1971).[2] Parsowith asserts that she should not be forced to apply administratively for a tax refund as a prerequisite to bringing this action, which is solely based on constitutional grounds.

■ Nevertheless, we agree with the Commonwealth that Parsowith must first exhaust adequate administrative remedies available to her before presenting such a constitutional claim to the judiciary. Parsowith in essence is seeking a refund for taxes paid in September 1996 and would like to avoid being taxed in the future. To this end, the Act establishes a refund procedure, by which a taxpayer may seek a refund from the Board of Finance and Revenue (Board) within two years of payment of a tax, and may appeal a decision of the Board to a court of common pleas. Section 2181 of the Act, 72 P.S. § 9181. The taxpayer of course can then pursue further judicial review if she is unsuccessful in common pleas court. The Act also permits a taxpayer to protest a tax assessment and appeal an agency determination as to that protest to the courts. Section 2186 of the Act, 72 P.S. § 9186. Parsowith has simply not shown us that these administrative procedures, which she did not pursue, are inadequate or inapplicable to her situation.

■ In view of the statutorily prescribed remedies, Parsowith's emphasis on her claim for an injunction against further taxation is of no moment. Nor is her contention that the Board would deny her claim for taxes already paid because she has not first established that the tax scheme is unconstitutional. As the Commonwealth points out, the mere fact that a constitutional question is raised does not confer equity jurisdiction upon a court; it is axiomatic that one must show the existence of a substantial question of constitutionality and the absence of an adequate statutorily prescribed remedy. *All Purpose Vending, Inc. v. Philadelphia*, 127 Pa.Cmwlth. 415, 561 A.2d 1309, 1311 (1989); *see also Cherry v. Philadelphia*, 547 Pa. 679, 692 A.2d 1082 (1997). We agree with Parsowith to the extent that this test admits of certain limited situations in which a constitutional challenge may be held to be immediately ripe for judicial consideration. *See Lyman v. Philadelphia*, 108 Pa.Cmwlth. 494, 529 A.2d 1194 (1987). However, given the specific statutory refund and protest provisions here and the challenge that Parsowith presents in the context of the test for equity jurisdiction, we conclude that this case does not present one of those limited situations. Parsowith essentially advances no compelling reason why she should be excused from following statutory administrative procedures and has not convinced us that the nature of her challenge, which goes not to the underlying validity of an inheritance tax on spouses, but instead concerns a tax rate reduction, is such that those procedures should be bypassed.

Moreover, we recently decided a case in which several taxpayers filed a class action in

---

2. The Commonwealth responds that the classification under the Act is reasonable, *see Tracy Estate*, 403 Pa. 373, 170 A.2d 93 (1961), and that accepting Parsowith's arguments would lead to a result whereby the legislature could never change tax rates.

equity on behalf of themselves and all others similarly situated, seeking a declaration that a county personal property tax assessment was unconstitutional. *Stranahan v. Mercer County*, 697 A.2d 1049 (Pa.Cmwlth.1997). The Commonwealth appropriately relies on the fact that we upheld the dismissal of the taxpayers' complaint there and stated:

[T]he [taxpayers] argue that they are not required to exhaust their statutory remedies before filing their action because they are challenging the constitutionality of the county personal property tax as a whole. The [taxpayers] rely on *Ohio Casualty Group v. Argonaut Insurance Co.*, 514 Pa. 430, 525 A.2d 1195 (1987), in arguing that the exhaustion of remedies rule should only be applied where the available administrative remedies are adequate with respect to the relief requested. We find that the [taxpayers'] argument is an attempt to cloud the fact that they simply failed to comply with the procedural requirements of the refund statute, 72 P.S. §§ 5566b and 5566c. We simply hold that the [taxpayers] failed to follow the proper statutory procedures set forth by our legislature for individuals to obtain tax refunds.

*Stranahan*, 697 A.2d at 1052.

We conclude from the foregoing discussion that the Commonwealth's preliminary objections are properly sustained based on Parsowith's failure to exhaust administrative remedies. Accordingly, we do not reach the constitutional, class action and timeliness issues, and we shall dismiss the petition for review.

### ORDER

AND NOW, this 7th day of November, 1997, upon consideration of Respondent's preliminary objections and Petitioner's response thereto, it is hereby Ordered that the preliminary objections are sustained and the petition for review in this matter is dismissed.