IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Boyer,                        :
               Petitioner            :
                                          :
         v.                               :     No. 513 M.D. 2020
                                          :     Submitted: April 22, 2022
Pennsylvania Department of            :
Transportation, Bureau of             :
Driver Licensing,                     :
               Respondent            :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                              FILED: July 26, 2022

        The Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT), has filed a preliminary objection in response to the petition for writ of mandamus filed *pro se* by Michael Boyer (Boyer) in this Court's original jurisdiction. Boyer seeks an order directing PennDOT to recalculate the length of the suspension of his operating privilege from 64, one-year periods to 2, one-year periods. We agree with PennDOT that because there exists an adequate and available statutory remedy to challenge the suspension, mandamus does not lie. Therefore, we sustain the preliminary objection and dismiss Boyer's petition.

## I. Petition for Review

        Boyer is an inmate at the State Correctional Institution at Phoenix. Pet. for Rev., 9/3/20, ¶1. On August 29, 2001, Boyer was convicted of violating The Controlled Substance, Drug, Device and Cosmetic Act.[1] *Id.* ¶2. As a result of his conviction, PennDOT suspended his operating privileges pursuant to former Section

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 to 780-144.

1532(c) of the Vehicle Code, 75 Pa.C.S. §1532(c).[2]  *Id.*, Ex. (Restoration Requirements Letter).  PennDOT imposed 64, one-year periods of suspension of his operating privilege.  Boyer's operating privilege is suspended until October 16, 2065.  *Id.* ¶7.

Boyer asserts that the suspension periods "are in conflict with the controlling statute and constitute a procedural due process violation."[3]  *Id.* ¶8. According to Boyer, the suspension of operating privileges is triggered upon a conviction arising from a criminal episode, not each underlying offense that results in a conviction.  *Id.*, Ex. (Mem. of Law at 8-9).  In his case, there were only two

---

[2] At the time Boyer's operating privilege was suspended, Section 1532(c) provided:

> **Suspension.**--The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state, or any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa.C.S. § 2706 (relating to terroristic threats) committed on any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.
>> (1) The period of suspension shall be as follows:
>>> (i) For a first offense, a period of six months from the date of the suspension.
>>> (ii) For a second offense, a period of one year from the date of the suspension.
>>> (iii) For a third and any subsequent offense thereafter, a period of two years from the date of the suspension.
>> (2) For the purposes of this subsection, the term "conviction" shall include any conviction or adjudication of delinquency for any of the offenses listed in paragraph (1), whether in this Commonwealth or any other Federal or state court.

*Formerly* 75 Pa. C.S. §1532(c).

[3] The Pennsylvania Supreme Court has explained that "the essential requisites [of due process] are notice and meaningful opportunity to be heard."  *Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1064 (Pa. 1996) (citing *Soja v. Pa. State Police*, 455 A.2d 613, 615 (Pa. 1982) ("the essential elements of due process are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause")).

criminal episodes; therefore, only two suspensions were appropriate. *Id.* Additionally, Boyer states that he filed for mandamus because he "has not been afforded an avenue to defend against the improper imposition of the periods of suspension." *Id.*, Ex. (Mem. of Law at 6). Boyer requests that this Court compel PennDOT to enact only two, one-year periods of suspension of his operating privilege.

In response to Boyer's petition, PennDOT filed a preliminary objection alleging that Boyer failed to state a claim for relief because he failed to avail himself of an adequate statutory remedy to challenge the suspension of his operating privilege. Prelim. Obj., 4/16/21, ¶¶8-10 (citing 75 Pa.C.S. §1550(a); 42 Pa.C.S. § 933(a)(1)(ii)). Boyer did not file a brief in opposition to PennDOT's preliminary objection.[4]

## II. Discussion

In considering preliminary objections, the Court "must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). "The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)). Preliminary objections will be sustained only where it is clear

---

[4] On March 15, 2022, this Court entered an order precluding Boyer from filing a brief in opposition and participating in oral argument, if argument had been scheduled, because of his failure to file a timely brief in opposition to PennDOT's preliminary objection. Order, 3/15/22, at 1.

that a pleading does not state a claim for which relief can be granted. *Torres*, 997 A.2d at 1245.

A writ of mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy. *Tindall v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). The purpose of mandamus is not to establish rights but to enforce rights that have been clearly established. *Id.*

Significantly, "[a] party challenging administrative decision-making who has not exhausted available administrative [or statutory] remedies is precluded from obtaining judicial review by mandamus[] or otherwise." *Petsinger v. Dep't of Lab. & Indus., Off. of Vocational Rehab.*, 988 A.2d 748, 754 (Pa. Cmwlth. 2010) (footnote omitted). Further, "[a]n individual who does not exercise his statutory appeal rights cannot later reclaim those rights under the guise of a petition for mandamus." *Dotterer v. Sch. Dist. of City of Allentown*, 92 A.3d 875, 881 (Pa. Cmwlth. 2014) (cleaned up). Against these principles, we consider PennDOT's preliminary objection to Boyer's claims.

PennDOT raises the existence of an adequate statutory remedy as the basis of its preliminary objection for failure to state a claim. We agree.

Section 1550(a) of the Vehicle Code provides an individual the right to appeal the suspension of his operating privileges "to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 75 Pa.C.S. §1550(a).[5] Jurisdiction of such appeals lies in the

---

[5] At the time of Boyer's conviction, Section 1550(a) provided:

> Any person who has been denied a driver's license, whose driver's license has been canceled or whose operating privilege has been recalled, suspended, revoked or disqualified by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and

4

courts of common pleas. 42 Pa.C.S. §933(a)(1)(ii).[6] "This *de novo* appeal before a court of law is an appropriate and adequate remedy that can be used to raise any defense, whether constitutional or statutory." *Smires v. O'Shell*, 126 A.3d 383, 390 (Pa. Cmwlth. 2015) (thus dismissing a petition for writ of mandamus).

If the suspension appeal is denied, *then* an individual has the right to appeal the common pleas court's order to this Court. *See* 42 Pa. C.S. §762(a)(3) (vesting appellate jurisdiction in the Commonwealth Court for secondary review of operating privilege suspensions). This Court has stated that "[t]his is all the process to which [an individual is] entitled." *Smires*, 126 A.3d at 392.

Boyer claims, however, that mandamus is the only avenue available to him because he made "several attempts to rectify [PennDOT's] administrative error to no avail." Pet. for Rev., Ex. (Mem. of Law at 5). Although Boyer may be dissatisfied with the outcome of his prior attempts to challenge his suspension period, he may not seek to compel a different result through mandamus. A statutory

---

judicial procedure). The appellant shall serve a copy of the petition for appeal, together with a copy of the notice of the action from which the appeal has been taken, upon the department's legal office.
*Formerly* 75 Pa.C.S. §1550(a).

[6] It states in relevant part:
Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:
(1) Appeals from Commonwealth agencies in the following cases:
\* \* \*
(ii) Determinations of the Department of Transportation appealable under the following provisions of Title 75 (relating to vehicles):
Section 1377 (relating to judicial review).
*Section 1550 (relating to judicial review).*
Section 4724(b) (relating to judicial review).
Section 7303(b) (relating to judicial review).
Section 7503(b) (relating to judicial review).
42 Pa.C.S. §933(a)(1)(ii) (emphasis added).

5

appeal, not a petition for writ of mandamus, is the proper avenue for Boyer to challenge the suspension of his operating privilege, including any constitutional claims. 75 Pa.C.S. §1550(a). For this reason, mandamus does not lie.[7]

### III. Conclusion

In sum, mandamus relief is precluded where an individual has another appropriate and adequate remedy. The Vehicle Code, 75 Pa.C.S. §§ 101-9805, provides the procedure for an individual, like Boyer, to challenge a license suspension through a statutory appeal to the court of common pleas. In that appeal, any statutory or constitutional claims can be raised to the calculation of the suspension period. Because Boyer has an adequate statutory remedy, the preliminary objection filed by PennDOT is sustained, and the petition for writ of mandamus is dismissed.[8]

_____
LORI A. DUMAS, Judge

---

[7] The fact that Boyer does not state in his petition whether he sought to appeal his suspension to the court of common pleas is of no moment when, as here, Section 1550(a) of the Vehicle Code provided adequate procedures by which Boyer could have challenged the suspension. Further, "where a statutory remedy is provided which is mandatory and exclusive, equity is without power to act in relief of a party who has failed to pursue that remedy." *City of Pittsburgh v. Conley*, 559 A.2d 613, 615 (Pa. Cmwlth. 1989) (cleaned up). Likewise, "[o]ne who allows his statutory appeal rights to expire cannot at a later date successfully assert those appeal rights under the guise of a petition for writ of mandamus." *Luke v. Cataldi*, 883 A.2d 1114, 1120 (Pa. Cmwlth. 2005).

[8] In its brief, PennDOT advises that a bill now pending before the Senate, if acted upon, could rescind all of Boyer's current operating privilege suspensions imposed in accordance with former Section 1532(c) of the Vehicle Code. *See* H.B. 987, 2021 Leg., Reg. Sess. (Pa. 2021). The bill was re-referred to the Senate Appropriations Committee on June 6, 2022. https://www.legis.state.pa.us/cfdocs/billInfo/bill_history.cfm?syear=2021&sind=0&body=H&type=B&bn=987 (last visited July 25, 2022).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Boyer,                          :
                    Petitioner          :
                                        :
        v.                              :        No. 513 M.D. 2020
                                        :        Submitted: April 22, 2022
Pennsylvania Department of              :
Transportation, Bureau of              :
Driver Licensing,                       :
                    Respondent          :

**ORDER**

AND NOW, this 26th day of July, 2022, the preliminary objection filed by Pennsylvania Department of Transportation, Bureau of Driver Licensing is SUSTAINED, and the Petition for Writ of Mandamus is DISMISSED.

LORI A. DUMAS, Judge