529 A.2d 1194

Cletus P. Lyman, Richard A. Ash, and Sixteen Twelve Latimer Partners, Appellants *v.* City of Philadelphia and School District of Philadelphia, Appellees.

Argued June 8, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Cletus P. Lyman, Lyman & Ash,* for appellants.

*T. Braden Kiser,* Assistant City Solicitor, with him, *Marguerite R. Goodman,* Divisional Deputy City Solicitor, and *Handsel B. Minyard,* City Solicitor, for appellees.

OPINION BY SENIOR JUDGE BARBIERI, August 14, 1987:

This is an appeal by Cletus P. Lyman, and Richard A. Ash, Appellants,[1] from an order of the Court of Common Pleas of Philadelphia County dismissing their declaratory judgment complaint. We reverse.

---

[1] Although named as a party-appellant, Sixteen Twelve Latimer Partners is not a party to this appeal, since it is not licensed to practice law in this Commonwealth.

Appellants are both attorneys-at-law who are licensed to practice law by the Supreme Court of Pennsylvania. In May, 1985, they filed a complaint in equity in common pleas court seeking declaratory relief that provisions of the Philadelphia Code imposing business and mercantile taxes and licenses were unconstitutional as applied to attorneys. The taxes are imposed and the licenses issued by the City of Philadelphia (City) and the School District of Philadelphia (District), Appellees. The Appellees filed preliminary objections to the declaratory judgment complaint contending that such an action was improper where an adequate administrative remedy existed. The common pleas court found that Appellants had an adequate administrative remedy available in the form of an appeal to the City's Board of License and Inspection Review (BLIR), sustained the preliminary objections based upon Appellants' failure to exhaust their administrative remedies, and dismissed the complaint. This appeal followed.

The sole issue presented for review by this appeal is whether a substantial question of constitutionality is present so as to justify the exercise of a court's equitable jurisdiction under the Declaratory Judgments Act, 42 Pa. C. S. §§7531-7541, despite the existence of a statutory administrative remedy. We conclude that such an issue is present here and reverse the dismissal of Appellants' complaint.

In their declaratory judgment complaint, the sole relief that Appellants' sought from the common pleas court was a declaration that the provisions of the Philadelphia Code imposing business and mercantile taxes and licensing requirements upon attorneys was unconstitutional as infringing upon the Pennsylvania Supreme Court's power to regulate the practice of law as provided by Article 5, §10(e), of the Pennsylvania Constitution. Appellees argue the existence of appeals to the BLIR

from the revocation of their business privilege and mercantile licenses and to the Tax Review Board (TRB) from the assessment of business and mercantile taxes precludes the exercise of a court's equity jurisdiction to grant declaratory relief. We respectfully disagree.

Appellants here are challenging the constitutionality of the tax and licensing enabling legislation, not the imposition of the taxes and licensing requirements.[2] In *Delaware Valley Apartment House Owner's Association v. Department of Revenue,* 36 Pa. Commonwealth Ct. 615, 389 A.2d 234 (1978), we held that declaratory relief was available to petitioners despite the existence of a statutory refund procedure contained in Sections 252-255 of the Tax Reform Code of 1971 (Tax Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§7252-7255. There, we noted that the petitioners sought not a refund of taxes but rather a declaratory judgment that Section 201(m) of the Tax Code, 72 P.S. §7201(m), was unconstitutional. There, we held that where a party directly challenges the validity of the statute, there exists a lesser need for the agency involved to throw light on the issue through the exercise of its specialized fact-finding function or application of its administrative expertise, quoting *Borough of Green Tree v. Board of Property Assessment, Appeals and Review of Allegheny County,* 459 Pa. 268, 281, 328 A.2d 819, 825 (1974). We also noted the limited capacity of administrative bodies to pass upon constitutional questions. While administrative agencies can pass upon the constitutionality of their own regulations, *St. Joe Minerals Corp. v. Goddard,* 14 Pa. Commonwealth Ct. 624, 324 A.2d 800 (1974), they do not possess the authority to pass upon the validity

---

[2] Appellant Cletus Lyman has also actions pending challenging the revocation of his mercantile license and the imposition of business and mercantile taxes upon his law practice.

and constitutionality of acts of the General Assembly. Thus, as in *Delaware Valley,* the administrative appeals bodies mentioned by Appellees, the BLIR and the TRB, are without the power to pass upon the constitutionality of ordinances enacted by the City and cannot grant Appellants the relief sought. Accordingly, the existence of administrative remedies in the ordinances challenged here does not deprive the court of its equity jurisdiction to entertain constitutional challenges to the statute itself through a declaratory judgment action.

In view of the foregoing, we shall reverse the order of the common pleas court and remand for such further proceedings as are necessary. In so doing, we express no opinion as to the merits, or lack thereof, in the contentions raised by Appellants. We do note that in our decision in *Meitner v. Township of Cheltenham,* 75 Pa. Commonwealth Ct. 46, 460 A.2d 1235 (1983), we decided a similar issue adversely to the position taken by Appellants here.

## ORDER

Now, August 14, 1987, the Order of the Court of Common Pleas of Philadelphia County at Docket No. 2025, May Term 1985, dated October 23, 1985, is reversed and the matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.