573 A.2d 263

**In re Nomination Petition of John PRICE as Democratic Candidate for Office of Member of Ward Executive Committee for the 12th Ward, 21st Division.**

**Appeal of Betty TOWNES.**

Commonwealth Court of Pennsylvania.

Argued April 11, 1990.

Decided April 17, 1990.

James Murray Lynn, Philadelphia, for appellant.

Andrew P. Foster, with him, Michael F. Brown, Drinker, Biddle & Reath, Philadelphia, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Betty A. Townes (Appellant) appeals from an order of the Philadelphia Court of Common Pleas (trial court) which reinstated the nomination petition of John Price (Appellee) as a Democratic candidate for the Office of Member of Ward Executive Committee for the 12th Ward, 21st Division of the City of Philadelphia. We reverse.

On March 6, 1990, Appellee submitted a nomination petition as candidate and circulator containing sixteen signatures to the Commissioners of the Philadelphia County Board of Elections (Commissioners). Commissioners rejected Appellee's petition because it contained an insufficient number of valid signatures. Appellee filed for mandamus relief in the trial court. Simultaneously, Appellant filed a petition in the trial court to set aside Appellee's nomination petition.

At a hearing before the trial court, Appellant argued that Appellee was not a registered member of the Democratic Party at the time Appellee signed the candidate's and circulator's affidavits on March 6, 1990. Trial court reviewed the voter registration binder and found that Appellee's party registration card was entered on the voter registration binder on March 7, 1990. Trial court held that Appellee's registration was timely.[1] Trial court ordered Appellee's name to appear on the ballot.

On appeal to this court, Appellant raises only the issue of whether the trial court erred in holding that Appellee was a registered member of the Democratic party at the time Appellee signed the candidate's and circulator's affidavits. Appellant argues that Appellee was not a member of the Democratic party when he signed the candidate's and circulator's affidavits on March 6, 1990 because the Commission did not record Appellee's voter registration until March 7, 1990. Trial court ruled that it was not bound by the March 7, 1990 date because the registration took time to go through the mail.

1. Further, trial court held that insufficient evidence was presented to strike enough signatures to disqualify Appellee.

This court has addressed this issue before. In *Brumbach v. Weaver*, 105 Pa.Commonwealth Ct. 526, 525 A.2d 15 (1987), we held that one becomes a registered voter at the time an application is received and processed by the election commission and not at the time the application is mailed.

Appellee contends Appellant cannot rely on the issue of the timeliness of Appellee's voter registration because Appellant did not properly raise this issue in her petition to the trial court to set aside Appellee's nomination petition. At the hearing the Elections Administrator testified as to the date of Appellee's voter registration and the trial court ruled on this very issue. A review of the record reveals that Appellee failed to object when Appellant introduced this argument before the trial court. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302. We hold that Appellee waived the issue of Appellant's failure to raise, in its petition to set aside, the issue of Appellee's party registration because the issue was clearly addressed in the trial court hearing.

Furthermore, we hold that, as a matter of law, Appellee did not become a member of the Democratic party until March 7, 1990. *Brumbach*. Because Appellee was not a member of the Democratic party at the time he signed the candidate's and circulator's affidavits, his nomination petition must be set aside.

Accordingly, the trial court's order is reversed.

## ORDER

AND NOW, April 17, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.