634 A.2d 754

**Paul S. CHERRY, Appellant,**

v.

**The CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1993.

Decided Nov. 24, 1993.

Paul S. Cherry, appellant, pro se.

Margarete E. Pawlowski, Asst. City Sol., for appellee.

Before PELLEGRINI and KELLEY, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

Paul S. Cherry appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) dismissing his declaratory judgment complaint on preliminary objections filed by the City of Philadelphia (City).

Cherry is an attorney whose sole law office is located in Wayne, Pennsylvania. Cherry does, however, appear in the Philadelphia courts of common pleas on behalf of his clients. In the summer of 1992, the City notified Cherry that by doing business within the City, he was in violation of the taxing and licensing provisions of the Philadelphia Code, including the net profits tax imposed in Section 19–1502 of the Code and the business privilege tax of Sections 19–2603 and 10–2604.

Without seeking review of the notification at the Philadelphia Tax Review Board, Cherry filed a declaratory judgment action against the City.[1] Cherry alleged that the provisions impermissibly encroached on the constitutional grant of power

1. Cherry originally filed his action against the city with the Commonwealth Court. This court subsequently transferred the case to the trial court.

to the Supreme Court to regulate the practice of law. Cherry also challenged the City's jurisdiction to require a non-resident to obtain a business privilege license and to pay taxes because court appearances do not establish the minimum contacts necessary.[2] The City filed preliminary objections claiming that Cherry had failed to exhaust his administrative remedies in the Tax Review Board and had failed to state a cause of action upon which relief could be granted. The trial court sustained the preliminary objections determining that it lacked jurisdiction and dismissed the complaint without prejudice. Cherry then filed this appeal.

Cherry contends that he is not required to pursue his administrative remedies because he presents a substantial question of constitutionality such that the trial court should have exercised its equitable jurisdiction under the Declaratory Judgments Act[3] despite any administrative remedy. He relies on this court's decision in *Lyman v. City of Philadelphia*, 108 Pa.Commonwealth Ct. 494, 496, 529 A.2d 1194 (1987), where several attorneys brought a declaratory judgment action against the City claiming that business taxes and licensing requirements imposed on attorneys infringed on the Supreme Court's power to regulate the practice of law under Article 5 of the Pennsylvania Constitution. We held that because the appellants were challenging the constitutionality of the tax and licensing enabling legislation claiming that the area was preempted by the Supreme Court, declaratory relief was available because the administrative agency does not possess authority to pass upon the validity and constitutionality of acts of the City. Cherry contends that because he is raising the same type of issues raised in *Lyman*, the trial court erred by holding that a declaratory judgment action was not maintainable because he had a proper administrative remedy.

Whether a substantial constitutional issue makes an action in equity proper and excuses the exhaustion of administrative

2. Cherry also requested an injunction to prevent the City from pursuing any civil or criminal action against him to impose the taxes or prevent him from making court appearances without a license.

3. 42 Pa.C.S. §§ 7531–7541.

remedies was first addressed in *Borough of Green Tree v. Board of Property Assessments, Appeals & Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974). In *Green Tree,* the Supreme Court held that a substantial question of constitutionality concerning a taxing body's powers excuses resort to the administrative process and allows one challenging that authority to proceed directly in equity. "Constitutional challenges to tax statutes which go to the heart of the power to tax have been held to be beyond the scope of statutorily prescribed remedies." *Myers v. Commonwealth, Department of Revenue,* 55 Pa.Commonwealth Ct. 509, 423 A.2d 1101 (1980). Moreover, even if it is a direct attack on the validity of the statute, not every constitutional issue raised by a party is of sufficient substance to render the statutory remedy inappropriate. *Myers.*

One count of Cherry's complaint makes the same allegation presented in *Lyman,* that the City lacks the power to tax him because the Supreme Court preempted the regulation of attorneys. However, while the issue, when raised in *Lyman,* was a substantial constitutional issue, it is no longer so. Since *Lyman* was decided, this court has held that attorneys are not excluded from paying a local business privilege tax due to the Supreme Court's constitutional power to regulate the practice of law because the Supreme Court's oversight of admission and conduct is not the pervasive regulation necessary to preempt a local tax. *Rieders, Travis, Mussina, Humphrey & Harris v. City of Williamsport,* 134 Pa.Commonwealth Ct. 298, 578 A.2d 618 (1990), *petition for allowance of appeal denied,* 526 Pa. 643, 584 A.2d 324 (1990). *See also Meitner v. Township of Cheltenham,* 75 Pa.Commonwealth Ct. 46, 460 A.2d 1235 (1983). Renewed challenges to the basic validity of a tax statute are not substantial so as to divest an administrative tribunal of jurisdiction if the attack is upon a tax that has been recognized as valid. *Myers,* 55 Pa.Commonwealth Ct. at 516, 423 A.2d at 1104. Subsequent challenges on the same grounds hoping that the courts will change their opinion can be preserved through the administrative process to be dealt with by the courts on appeal. *See also*

*Hudson v. Union County,* 50 Pa.Commonwealth Ct. 378, 413 A.2d 1148 (1980). Because Cherry's first claim that the City does not have the power to tax him because of the Supreme Court regulation has already been decided, it does not rise to a substantial constitutional issue necessary to invoke equity jurisdiction.

 Cherry also contends that the City could not apply the tax and licensing provisions to him because he does not maintain an office within the City and his appearances in courts within the City do not provide the minimum contacts needed for the City to exercise its taxing power. This argument does not go to "the heart of the power to tax", *Myers,* but rather, goes to how the tax is applied to Cherry in relation to his contacts with the City. A challenge that a taxing statute is unconstitutional *as applied* is typically not a substantial constitutional question. *City of Philadelphia v. Kenny,* 28 Pa.Commonwealth Ct. 531, 369 A.2d 1343 (1977), *cert. denied,* 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281 (1977). Also, where the issue is the constitutionality of how the statute is applied for a court to make an informed judgment, it is best for the factual basis to have already been established at the administrative agency. *Kenny.* In *Barr v. State Real Estate Commission,* 110 Pa.Commonwealth Ct. 530, 532 A.2d 1236 (1987), the petitioners filed a declaratory judgment action to determine whether a licensing act for real estate brokers applied to them because they assessed property for purposes other than real estate transactions. They alleged that applying the act to them would result in an unconstitutional taking of property without compensation and due process. We determined that because the petitioners' contentions raised only the constitutionality of how the act is applied to them, it was not a substantial constitutional question allowing the court to directly address their claims without the benefit of factual determinations on the application of the act. We held that they were required to make their challenge through the administrative process. *Id.* at 534, 532 A.2d at 1238. Just as the assessors were required to pursue their administrative remedy because their challenge dealt with how the statute applied to them, so

is Cherry. Cherry is only claiming that "as applied", the tax is unconstitutional which is insufficient to invoke equity jurisdiction.

Because Cherry's complaint did not set forth a substantial constitutional question, the trial court did not err in refusing to exercise its equity jurisdiction to decide this case under the Declaratory Judgments Act. Accordingly, we affirm the decision of the trial court.

## ORDER

AND NOW, this 24th day of November, 1993, the order of the Court of Common Pleas of Philadelphia County, dated February 2, 1993, No. 467, is affirmed.

KELLEY, J., dissents.