Shekela M. BARBOUR–KNIGHT,
Appellant,

v.

CIVIL SERVICE COMMISSION OF
THE CITY OF PHILADELPHIA.

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1997.
Decided Dec. 2, 1997.

Samuel L. Spear, Philadelphia, for appellant.

Mark R. Zecca, Deputy City Solicitor, for appellee.

Before DOYLE and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Shekela Barbour–Knight (Knight) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) affirming the decision of the Civil Service Commission of Philadelphia (Commission) sustaining her dismissal from city employment pursuant to Section 8–301 of the Home Rule Charter (Charter) of the City of Philadelphia (City). We affirm.

Knight was employed by the City at the Philadelphia Airport (Airport) as a custodian since 1988. In 1989, Knight began working for the United States Postal Service (USPS) as a clerk. By letter dated October 8, 1993, the City notified Knight that, effective October 12, 1993, she was dismissed from her position at the Airport for being concurrently employed by the City and USPS in violation of Section 8–301 of the City's Charter and Civil Service Regulation 33.022. (R.R. at 24a).

■ Knight appealed her dismissal to the Commission raising only the issue of whether her dual employment was in violation of the Charter and Regulation 33.022. (R.R. at 27a). The Commission denied Knight's appeal by order dated November 3, 1994 and thereafter denied Knight's application for reconsideration. Consequently, Knight appealed the Commission's decision to the trial court wherein she raised, for the first time, the question of whether the provisions of the Charter and the regulations prohibiting her dual employment are unconstitutional. The trial court remanded the case to the Commission to determine the limited issue of whether employment with USPS was considered employment for the federal government. The Commission concluded that such em-

ployment was government employment and again dismissed her appeal. Following remand to the Commission, Knight appealed to the trial court for a second time. The record indicates that the trial court did not hold a *de novo* hearing but relied upon the record submitted from the Commission and the arguments from counsel. The trial court denied Knight's appeal. On June 24, 1996, Knight appealed the matter to this court.[1]

Knight raises the following issues on appeal: (1) whether working for USPS constitutes government employment within the meaning of Section 8–301 of the City's Charter; and (2) whether the trial court erred in determining that Section 8–301 of the Charter, which bans City employees from concurrently working for the City and another government agency, rationally serves a legitimate government interest.

## I

■ Knight argues that working for USPS does not constitute government employment within the meaning of Section 8–301. Knight contends that only a position concurrently held with City employment which is "under the government of the United States" is within the proscription of Section 8–301. Knight maintains that, as a result of the passage of the Postal Reorganization Act (Act),[2] USPS is an independent corporation under the executive branch of the federal government independent from Congressional control. Accordingly, Knight asserts that, although USPS is subject to statutory regulation and control, it no longer has the same immunity from suit possessed by other federal agencies. Therefore, according to Knight, employment with USPS is akin to employment with a private enterprise. We disagree.

Section 8–301 of the City's Charter, which is at issue in the instant case, provides the following:

---

1. Our scope of review, where the trial court has limited itself to the record before the Commission, is restricted to determining whether the Commission's order violated the employee's constitutional rights, whether the Commission manifestly abused its discretion or committed an error of law, and whether the Commission's findings

were supported by substantial evidence. *Sweed v. City of Philadelphia, Risk Management Division*, 687 A.2d 59, 61 n. 6 (Pa.Cmwlth.1996).

2. Pub.L. No. 91–375, 84 Stat. 719 (1970), 39 U.S.C. §§ 101–5605.

Other offices or positions. Except as otherwise provided in this charter, no person shall hold more than one office or position of profit, whether elective or appointed, under the City and no such person shall hold such office or position or hold any other office or position of profit in or under the government of the United States, of the Commonwealth of Pennsylvania, or of any county, city or other political subdivision thereof, other than the office of notary public, any office in the military or naval service of the United States or of the Commonwealth of Pennsylvania, or any ex officio office held by virtue of another office or position.

(Philadelphia Home Rule Charter Section 8–301). Section 33.022 of the Civil Service Regulations incorporates the Charter provision prohibiting dual government employment.[3]

The trial court remanded Knight's appeal to the Commission for the sole purpose of determining whether USPS constituted a government agency within the meaning of Section 8–301. (Trial court opinion, dated May 23, 1996, at 1). By order dated September 21, 1995, the Commission determined, on remand, that "the postal service, as presently constituted, is not a private enterprise and is still operated, 'in or under the government of the United States.'" (Commission's opinion, dated September 21, 1995). Following a second appeal, the trial court affirmed the Commission. Although the trial court's opinion failed to address whether USPS operated under the government of the United States, the record reveals that Knight preserved this issue by including it in her concise statement of matters presented, filed with the trial court pursuant to Pa. R.A.P.1925(b), with respect to her notice of appeal. In this regard, the trial court presumably deferred to the Commission's interpretation on this issue. The trial court did recognize that this court upheld the legality of such prohibitions on dual government employment and concluded that it was "unwilling to overrule the judgment of the citizens of Philadelphia in adopting this prohibition [against dual employment]." (Trial court opinion at 2).

Knight relies on the statutory scheme, which defines the operations of USPS, as well as several federal circuit court cases to argue that USPS is not a government agency. Contrary to Knight's argument, however, both of these sources emphasize the public and governmental nature of USPS and articulate the characteristics that make USPS an agency of the federal government under the legal definition of that term. Black's Law Dictionary states that "[t]he term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest." Blacks Law Dictionary 45 (6th ed.). Therefore, Knight's argument, that USPS is independent from Congress, is not only inadequate to demonstrate that USPS is not a federal agency but reinforces the fact that USPS is an agency by its nature as an independent establishment of the United States.

Moreover, the statutory scheme that establishes USPS, defines its authority, and prescribes its manner of operation reinforces the conclusion that USPS is a federal agency. Section 101(a) of the Act, provides that "[t]he United States Postal Service shall be operated as a basic and fundamental service provided to the people *by the Government of the United States, authorized by the Constitution, created by Act of Congress, and supported by the people.*" 39 U.S.C.A. § 101(a) (1970). Contrary to Knight's argument, that the Act removed USPS from the political sphere, Section 208 of the Act states that "Congress reserves the power to alter, amend, or repeal any or all of the sections of this title," which specifically refers to the authority and operations of USPS. 39 U.S.C.A. § 208.

---

**3.** Section 33.022 provides the following:
    OTHER GOVERNMENTAL POSITIONS. Except as otherwise provided in the City Charter, no employee shall hold any other office or position of profit in or under the government of the United States, of the Commonwealth of Pennsylvania, or of any county, city or other political subdivision thereof. (C.C. Section 8–301).

In support of her argument that USPS has non-government status, Knight also asserts that USPS is independent because the Act provides that USPS can sue and be sued. Although this is true, Section 409 of the Act provides that the Department of Justice shall provide USPS with all legal representation unless the Attorney General permits otherwise. 39 U.S.C.A. § 409. Finally, Section 2003 of the Act provides that USPS shall be funded by the Treasury of the United States. 39 U.S.C.A § 2003.

Knight also refers to federal cases which reveal the commercial nature of USPS and the intent of Congress to enable USPS to compete with private enterprise. However, these analogies and comparisons only substantiate that USPS is a government agency which operates like a business. Furthermore, there is no case stating that USPS is not a federal agency under the control of the federal government. In this regard, the very language quoted by Knight in her brief is fatal to her claim. Knight's quote from *Beneficial Finance Co. of New York, Inc. v. Dallas*, 571 F.2d 125 (2d Cir.1978), states the following:

> [T]here is no doubt that the Congressional purpose in establishing the USPS was to permit the Postal Service to operate in a *"business like"* fashion. To this end Congress removed the USPS from the political sphere and authorized it to act as an "independent establishment," with *powers equivalent to* a private business enterprise. . . .

*Id.* at 128 (citations omitted) (emphasis added). In *UPS Worldwide Forwarding, Inc. v. United States Postal Service*, 66 F.3d 621 (3d Cir.1995), the Third Circuit Court of Appeals stated that Congress, in enacting the Act, "wanted the Postal Service to operate *less like* a bureaucratic agency and *more like* a business." *Id.* at 638 (emphasis added). The *UPS Worldwide Forwarding* court also stated that the Act " 'abolished the Post Office Department, which since 1789 had administered the Nation's mails,' and replaced it with the United States Postal Service, an independent *agency* within the executive branch." *Id.* at 625 (citation omitted) (emphasis added). The language in these cases

all indicate that, while the operations of USPS are close to those of a private business in order to compete with private business, it is still a government agency, funded by the United States Treasury, under the Executive branch of the federal government, authorized by the United States Constitution. All government agencies are different from one another in terms of their scope of authority and their manner of operations. Therefore, emphasizing the uniqueness of USPS and its differences from other agencies does not in itself yield the conclusion that USPS is not a government agency. Furthermore, this court has previously stated that the United States Constitution reposes the matter of postal operations exclusively in the federal government, *East Suburban Press, Inc. v. Township of Penn Hills*, 40 Pa.Cmwlth. 438, 397 A.2d 1263, 1267 (1979), and expressly referred to USPS as an agency of the United States government. *Id.* 397 A.2d at 1267–68.

We, therefore, hold that the trial court and the Commission properly determined that employment with USPS constitutes employment under the government of the United States prohibited by Section 8–301 of the City's Charter.

## II

Knight also argues that the prohibition in Section 8–301 of the Charter should be declared unconstitutional by this court as an infringement on her constitutional right to equal protection under the laws and directly asks this court to overrule its prior decision in *Williams v. City of Pittsburgh*, 109 Pa. Cmwlth. 168, 531 A.2d 42 (1987), wherein we upheld a similar provision.

The City asserts that Knight waived this issue because she failed to raise it before the Commission and, therefore, deprived the Commission and the City of an opportunity to develop a record on this issue. Although Knight did fail to raise the constitutional issue before the Commission, we believe that this error was cured.

In *Lyman v. City of Philadelphia*, 108 Pa.Cmwlth. 494, 529 A.2d 1194 (1987), we stated that "[w]hile administrative agencies can pass upon the constitutionality of their

own regulations, they do not possess the authority to pass upon the validity and constitutionality of acts of the General Assembly." *Id.* 529 A.2d at 1195. The *Lyman* court extended this limit on administrative agencies and held that the local agencies also lacked the authority to pass on the constitutionality of ordinances adopted by the people of a city. Therefore, the Commission seemingly did not posses the authority to determine the constitutionality of a Charter provision, which constitutes legislation adopted by the City.

■ However, in *Cherry v. City of Philadelphia*, 160 Pa.Cmwlth. 179, 634 A.2d 754 (1993), *aff'd*, 547 Pa. 679, 692 A.2d 1082 (1997), this court addressed the issue of whether a substantial constitutional issue concerning the taxing of attorneys makes an action in equity proper and excuses first raising the issue before the local agency. The *Cherry* court held that where a constitutional challenge has been previously decided by our appellate courts, "[s]ubsequent challenges on the same grounds hoping that the courts will change their opinion can be preserved through the administrative process to be dealt with by the courts on appeal." *Id.* 634 A.2d at 755. Knight's constitutional challenge was directly addressed by this court in *Williams* and, therefore, the Commission possessed the authority to pass upon the issue, subject to appellate review. Therefore, Knight should have raised the issue before the Commission.

■ The City, however, failed to timely object to the constitutional issue when Knight raised it before the trial court. Knight comprehensively briefed the issue before the trial court which adequately addressed it in its memorandum opinion; thereby providing an adequate basis for appellate review. Additionally, the Commission's role in the instant case did not involve any relevant fact-finding whereby developing a record was important. In fact, the certified record before this court does not include a transcript of the proceedings before the Commission. The only relevant stipulated facts are that Knight concurrently worked for the City and USPS. By failing to object to Knight's ability to raise and argue the constitutional issue before the trial court, the City has waived its right to object pursuant to Pa. R.A.P. 302. *Appeal of Betty Townes*, 132 Pa.Cmwlth. 469, 573 A.2d 263, 264–65 (1990).

In *Williams*, we reviewed whether a similar provision in the City of Pittsburgh Home Rule Charter constituted an equal protection violation.[4] After concluding that the prohibition against dual government employment did not infringe upon a suspect class or a fundamental right, the *Williams* court determined that the appropriate level of scrutiny was to determine whether the prohibition " 'bears some rational relationship to a legitimate government end.' " *Williams*, 531 A.2d at 48 (quoting *City of Philadelphia Board of Pensions and Retirement v. Bordley*, 84 Pa. Cmwlth. 645, 481 A.2d 690, 691 (1984)). Additionally, the constitutionality of a provision under rational basis review enjoys a presumption of constitutionality, and there is a heavy burden on the challenger. *Id.* 531 A.2d at 47.

In holding that the prohibition against dual government employment survived rational basis review, the *Williams* court stated the following:

Given the size of the work force in the City of Pittsburgh, the strong public interest in achieving full employment would be advanced by maximizing availability of public employment to members of the work force. Prohibiting dual employment furthers this goal. Moreover, proscription of dual employment serves to eliminate any conflicts

---

4. Section 707 of the City of Pittsburgh Home Rule Charter provided the following:

No person shall hold more than one compensated position in city government, and no compensated city employee shall hold a compensated position in any other government except as follows:

a. officer or member of the Pennsylvania National Guard or federal reserve;

b. the controller may also serve as controller for the city school district; and the deputy controller may also serve as deputy controller for the city school district;

c. a treasurer, or person serving in that capacity, may also serve as treasurer for the city school district;

d. member or employee of any sinking fund commission or pension board.

of interest that could develop between various governmental positions.

*Id.* 531 A.2d at 48. Additionally, the court, in *Williams,* recognized that the exceptions permitting certain employees to hold dual government employment reasonably advanced the interest of the public in terms of efficiency. It also makes the best use of available expertise by taking advantage of experienced personnel who provide certain highly skilled services in public offices. *Id.*

■ Knight argues that her dual employment could not present a conflict of interest and that there is no rational basis for permitting certain exceptions, which the City Solicitor expanded by way of opinions that he has issued, while she is not permitted to hold dual employment. Knight contends that there is no rational difference between concurrently working for the City and a private contractor doing work for USPS, which would be permitted under the Charter. We recognize the hardship that this provision imposes upon Knight, who has demonstrated that she is a very ambitious and hardworking individual. However, we are constrained by our holding in *Williams* which was correctly decided and which, as Knight has conceded, is directly applicable to the instant case. We, therefore, hold that the trial court properly concluded that the Charter provision, which prohibits dual government employment and served as a basis for Knight's dismissal, is constitutional and binding within the meaning of *Williams.*

Accordingly, the order of the trial court is hereby affirmed.

### ORDER

AND NOW, this 2nd day of December, 1997,the order of the Court of Common Pleas of Philadelphia County, dated May 23, 1996, at No. 95–10–SD–0090, is hereby affirmed.