IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: 2021 Erie County Tax Sales     :
                                    :
Objections for the Property            :
Located at 945 E. 38th St.             :
Index No. 18-053-083.0-117.0     :
                                    :    No. 1149 C.D. 2022
Appeal of: Clair Bissell              :    Submitted: October 10, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED: April 18, 2024


Clair Bissell (Bissell) appeals from the Erie County (County) Common Pleas Court's (trial court) September 19, 2022 order denying Bissell's Petition to Set Aside Tax Sale (Petition).[1] Bissell presents two issues for this Court's review: (1) whether the County Tax Claim Bureau (Bureau) strictly complied with the mailed notice provisions of Section 602 of the Pennsylvania Real Estate Tax Sale Law (RETSL);[2] and (2) whether the Bureau strictly complied with the personal service provisions of Section 601 of the RETSL.[3] After review, this Court affirms.

By May 29, 2003 deed, Bissell acquired the property located at 945 East 38th Street, Erie, Pennsylvania (Property), formally owned by his mother. The Property was previously exposed at the County's 2018 Upset Tax Sale but was not

---

[1] The trial court entered an Amended Order on September 20, 2022, correcting the address and County Tax Index Number of the subject property.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

[3] 72 P.S. § 5860.601.

purchased at that time. Bissell redeemed the Property by paying the 2016, 2017, and 2018 delinquent taxes on November 13, 2020, leaving the 2019 taxes unpaid. The Property was again exposed at a tax sale after Bissell became delinquent on the 2019 property taxes.

The Bureau began its efforts to sell the Property in March 2020. At that time, the Bureau sent a Notice of Return and Claim to Bissell at the Property, which was returned as unclaimed.[4] *See* Reproduced Record (R.R.) at 19a-20a. The Bureau posted the Notice of Return and Claim on the Property on June 24, 2020, in compliance with Section 308(a) of the RETSL, 72 P.S. § 5860.308(a). *See* R.R. at 22a-23a. On July 22, 2021, the United States Postal Service (USPS) delivered the Notice of Upset Tax Sale to the Property. *See* R.R. at 24a-25a. The USPS used its COVID-19 pandemic protocol, which did not require the signature of the person receiving the certified mail. Rather, the postal carrier was to inquire as to the person's name, make notation of the same, and identify the delivery as having been made in accordance with the USPS COVID-19 protocols, *see* R.R. at 62a-64a, which is what occurred in the instant case.[5] *See* R.R. at 25a.

On July 24, 2021, Evelyn Laughlin (Laughlin), a field agent for Palmetto Posting, Inc. (Palmetto Posting), posted the Notice of Upset Tax Sale on

---

[4] Section 308(a) of the RETSL requires, in pertinent part:

> Not later than the thirty-first day of July of each year, the [B]ureau shall give only one notice of the return of said taxes and the entry of such claim in one envelope for each delinquent taxable property, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owners at the same address listed on the form returned by the tax collector for taxes that are delinquent.

72 P.S. § 5860.308(a).

[5] Because the Bureau could not obtain a signature, it proceeded to undertake additional reasonable notification efforts to discover the whereabouts of the Property's owner (Bissell) as provided by law. Those additional notification efforts failed to identify any other address for Bissell. *See* R.R. at 26a. Indeed, it is undisputed that Bissell resides at the Property.

2

the Property during her attempt at personal service.  *See* R.R. at 29a, 112a-113a. When no one answered the door, she left the Property.  Laughlin made two additional attempts at personal service, returning to the Property on July 27, 2021, at 9:36 a.m., and again on July 28, 2021, at 3:01 p.m.  *See* R.R. at 29a, 113a-115a.  Each attempt at personal service was unsuccessful.  *See* R.R. at 116a-117a.  On August 27, 2021, the Bureau published the Notice of Upset Tax Sale in the *Erie Times-News*, and the *Erie County Legal Journal*.  *See* R.R. at 37a-46a.

On September 14, 2021, the Bureau filed a Petition to Waive Personal Service based upon its good faith efforts at personal service, which the trial court granted.  *See* R.R. at 31a-36a.  On September 15, 2021, the Bureau mailed the required 10-day notice by United States first class mail to Bissell at the Property, *see* R.R. at 27a-28a, which was not returned as undelivered.  *See* R.R. at 79a-80a.  On September 27, 2021, Little Giraffe 2020, LLC (Little Giraffe), purchased the Property at the Upset Tax Sale.  Little Giraffe recorded its deed on January 27, 2022. *See* R.R. at 95a-96a.

On April 27, 2022, Bissell filed the Petition, asserting therein that he did not receive notice of the September 27, 2021 Upset Tax Sale, and that Palmetto Posting's process server was never appointed to do so by a county commissioners' resolution.  The trial court held a hearing on August 5, 2022.  On September 19, 2022, the trial court denied Bissell's Petition.  Bissell appealed to this Court.[6]  The trial court directed Bissell to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).  On November 14, 2022, Bissell timely filed his Rule 1925(b) Statement.

---

[6] "[This Court's] review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence." *In re Balaji Invs., LLC*, 148 A.3d 507, 509 n.2 (Pa. Cmwlth. 2016).

Bissell first argues that the Bureau did not strictly comply with the mailed notice provisions of Section 602 of the RETSL.  Specifically, Bissell contends that the Bureau did not offer sufficient evidence to show that it strictly complied with its requirement to send Bissell notice via USPS certified mail, restricted delivery.  Bissell asserts that the evidence the Bureau presented showed that USPS did not provide that service because of the COVID-19 pandemic, and that the Bureau failed to offer evidence which indicated that Bissell received the notice by certified mail, restricted delivery, even under the modified COVID-19 pandemic procedures.  Bissell cites *Kemler v. Lackawanna County Tax Claim Bureau* (Pa. Cmwlth. No. 944 C.D. 2014, filed April 10, 2015), to support his position.[7]

In *Kemler*, the only receipt that indicated the owner received notice via certified mail did not show whether that delivery was restricted.  The tax claim bureau therein did not produce a copy of the notice sent to the owner, which would have indicated whether the mail was sent restricted delivery.  Further, there was no testimony to indicate whether the delivery was restricted.  The *Kemler* Court held that the tax claim bureau failed to show that it complied with the notification requirements, and the trial court erred in concluding that it complied.

In contrast, here, the Bureau presented the notice it sent to the owner (Bissell), *see* R.R. at 24a, and the receipt, which stated: "The following is the delivery information for Certified Mail[TM]/RRE/RD[8] item number 9236 0969 0010 1625 1500 0214 00.  Our records indicate that this item was delivered on 07/22/2021 at 12:05 p.m. in Erie, PA 16504.  The scanned image of the recipient information is provided below."  R.R. at 25a.  Because the Bureau provided evidence that it sent

---

[7] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value but not as binding precedent.  *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[8] RRE stands for Return Receipt Electronically, and RD stands for Restricted Delivery. *See* https://faq.usps.com./s/article/Certified-Mail-The-Basics (last visited Apr. 17, 2024).

4

the notice to Bissell by certified mail, restricted delivery, return receipt requested, *Kemler* is inapposite.

Section 602(e) of the RETSL, which contains the mailed notice requirements, provides, in relevant part:

> In addition to such publications, similar notice of the sale shall also be given by the [B]ureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, **by United States certified mail**, **restricted delivery**, **return receipt requested**, **postage prepaid**, **to each owner** as defined by [the RETSL].
>
> (2) **If return receipt is not received from each owner pursuant to the provisions of clause** (1), **then**, at least ten (10) days before the date of the sale, **similar notice** of the sale **shall be given to each owner who failed to acknowledge the first notice by United States first class mail**, **proof of mailing**, **at his last known post office address** by virtue of the knowledge and information possessed by the [B]ureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. **It shall be the duty of the [B]ureau to determine the last post office address known to said collector and county assessment office**.

72 P.S. § 5860.602(e) (emphasis added).

> Here, as the trial court explained:
>
> [The Bureau] acknowledge[d] that due to the [USPS] COVID-19 protocols, the signature of the recipient was not collected. As no signature was collected, the [Bureau] undertook additional reasonable notification efforts. After finding no additional mailing addresses for [Bissell], [the Bureau] mailed a [10-]day notice letter by first class mail on September 15, 2021, to the [] [P]roperty. The letter was not returned as undeliverable.

Trial Ct. 9/19/2022 Op. at 2. Pursuant to Section 602(e) of the RETSL, the Bureau sent the notice to Bissell certified mail, restricted delivery, return receipt requested,

5

and when a signature was not collected, it gave similar notice by United States first class mail, *see* R.R. at 27a, and provided proof of mailing. *See* R.R. at 28a. Accordingly, the Bureau complied with Section 602(e) of the RETSL's mailed notice provisions.

Bissell next argues that the Bureau did not strictly comply with the personal service provisions of Section 601 of the RETSL. Specifically, Bissell contends that the individual who attempted personal service was not properly appointed to attempt such service because Palmetto Posting was not appointed by resolution. The Bureau rejoins that the Erie County Home Rule Charter grants the appointing authority to the County Executive. The Bureau further retorts that notwithstanding, the field agent was not successful in personally serving Bissell, thus the personal service requirement was subsequently waived upon the Bureau's Petition to Waive Personal Service, which the trial court granted.

Section 601(a)(3) of the RETSL, which contains the personal service requirements, provides:

> No owner-occupied property may be sold unless the [B]ureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff or his deputy or person deputized by the sheriff for this purpose **unless the county commissioners**, **by resolution**, **appoint a person or persons to make all personal services required by this clause**. The sheriff or his deputy shall make a return of service to the [B]ureau, or the persons appointed by the county commissioners in lieu of the sheriff or his deputy shall file with the [B]ureau written proof of service, setting forth the name of the person served, the date and time and place of service, and attach a copy of the notice which was served. If such personal notice cannot be served within twenty-five (25) days of the request by the [B]ureau to make such personal service, **the [B]ureau may petition the court of common pleas to waive the requirement of personal notice for good cause shown**. Personal service

6

of notice on one of the owners shall be deemed personal service on all owners.

72 P.S. § 5860.601(a)(3) (emphasis added).

Here, Bissell averred in his Petition: "The Bureau failed to strictly comply with the notice provisions of the [RETSL] that, at a minimum, the Bureau failed to provide personal service as required by the [RETSL] because the Bureau utilized [a] 'designated server' who was not authorized to provide service under the [RETSL]."[9] R.R. at 3a. Bissell further stated: "A [c]ourt considering a challenge to notice in a tax sale case is not bound by a prior waiver of personal service.[10] *Falmageltto v. [County of] Erie Tax Claim Bureau*, 133 A.3d [337,] 349 [(Pa. Cmwlth. 2016)]." R.R. at 3a.

In *Falmageltto*, the appellants argued, *inter alia*, that the waiver petition therein did not satisfy the good cause requirement of Section 601(a)(3) of the RETSL. The Bureau and purchaser retorted that the Bureau complied with the requirements to obtain such a waiver and appellants were not home when the designated server attempted to effectuate personal service. The purchaser also asserted that the trial court was correct to not second guess the trial court judge's decision to grant the Bureau's waiver petition under the coordinate jurisdiction doctrine.

---

[9] The Dissent insists that "Bissell has explicitly challenged the trial court's grant of a waiver for lack of good cause shown, on substantive grounds as well as the lack of an authorized appointment of a server to replace the sheriff." *In re 2021 Erie Cnty. Tax Sale* (Pa. Cmwlth. No. 1149 C.D. 2022, filed Apr. 18, 2024) (Leavitt, S.J., dissenting), slip op. at 3-4. However, Bissell only challenged the "Bureau['s] fail[ure] to strictly comply with the notice provisions of the [RETSL] . . . ." R.R. at 3a. Bissell did not aver that the trial court did not have good cause to grant the waiver, and such an argument cannot be inferred. These are two separate and distinct issues.

[10] Contrary to the Dissent's contention, although Bissell states that a court is not bound by a prior waiver, he does not challenge the grant of the waiver in the instant case.

The *Falmageltto* Court explained:

> [T]he General Assembly understood that, in certain circumstances, tax claim bureaus should not be required to incur the high costs associated with ensuring that notice was received by each owner-occupant personally and included a provision within Section 601(a)(3) of the [RETSL] allowing the personal service of notice requirement to be waived for "good cause shown." The General Assembly decided to place a burden on the taxing bureaus to provide justification for a waiver and to give trial courts the task of balancing the goal of providing heightened notice to owner-occupants against the taxing bureaus' obligations to collect property taxes. *See In Re: Consolidated Reports . . . ([Appeal of] Neff)*, 132 A.3d 637, 650 (Pa. Cmwlth. 2016) (*en banc*)[] (reasoning that whether good cause under Section 601(a)(3) of the [RETSL] exists is a matter left to the trial court's sound discretion and requires trial courts to "consider[ ] the facts of this case in light of the fundamental purposes of the [RETSL]").

*Falmageltto*, 133 A.3d at 347.

The *Falmageltto* Court expounded:

> The trial court here did not independently examine whether the Bureau showed good cause to waive the personal service of notice requirement under Section 601(a)(3) of the [RETSL]. Instead, the trial court found that it was not its role to second guess or overrule Judge Cunningham's ruling as it [was] binding on [the trial c]ourt under the coordinate jurisdiction doctrine. Whether a trial court is obligated to uphold, on the basis of the coordinate jurisdiction doctrine, an earlier order waiving personal service of notice pursuant to Section 601(a)(3) of the [RETSL] is a matter of first impression for this Court.

*Falmageltto*, 133 A.3d at 347 (quotation marks and internal record citation omitted).

The *Falmageltto* Court held that since ruling on a waiver petition is a one-sided process, and once a property owner challenges the tax sale, there is an

8

opportunity for him to test whether the heightened requirements for notice to owner-occupants were in fact met,

> [a] second judge can be presented with additional and different evidence from both parties regarding the tax claim bureau's efforts to comply with the [RETSL's] personal service of notice requirement, the second judge is not deciding the same questions as the first judge and the coordinate jurisdiction doctrine should not apply. Therefore, because the coordinate jurisdiction rule did not preclude the trial court from considering whether the Bureau satisfied the good cause shown requirement of Section 601(a)(3) of the [RETSL] based on the evidence, testimony, and arguments made by the parties in this matter, [this Court] reverse[s] the trial court's [o]rder and remand[s] for the trial court to make this determination based on the record evidence.

*Falmageltto*, 133 A.3d at 349 (footnote omitted). Here, because Bissell is not arguing that the waiver petition did not satisfy the good cause requirement of Section 601(a)(3) of the RETSL, and he did not argue that before the trial court, *Falmageltto* is inapposite.

> Rather, in his Rule 1925(b) Statement, Bissell presented four issues:
>
> 1. The trial court's finding that the [Bureau] met its notification burden was not supported by sufficient evidence.
>
> 2. The trial court erred, as a matter of law, when it ruled that the Bureau complied with the statutory notice requirements applicable to tax sale cases, including the requirement of personal service.
>
> 3. The trial court erred, as a matter of law, when it ruled that the [] County Executive has the authority, via administrative powers, to appoint the employees of Palmetto Posting to make personal service.

9

4. The trial court erred, as a matter of law, when it found that [] Bissell's due process rights were not violated by the tax sale.

Rule 1925(b) Statement at 1. Nowhere in the Rule 1925(b) Statement does Bissell assert that the trial court did not have good cause to grant the Bureau's Petition to Waive Personal Service.

In addition, in his brief, Bissell sets forth the issue in his Statement of Questions Involved as: "Whether the . . . Bureau strictly complied with the personal service provisions of Section 601 of the [RETSL.]"[11] Bissell Br. at 2. Specifically, Bissell argues that notwithstanding that personal service was waived for good cause shown, the tax sale should be set aside because the designated server was not appointed by a county commissioners' resolution as Section 601(a)(3) of the RETSL requires. However, as explained in *Appeal of Neff*, waiver of personal service and whether personal service was proper are two separate and distinct issues.

In *Appeal of Neff*, the tax claim bureau filed a waiver petition in the trial court seeking to waive personal service of notice of an upset tax sale to the objector and other owner-occupants of properties whose homes were scheduled to be sold at an upset tax sale. The waiver petition averred that the tax claim bureau attempted to personally serve notice by Palmetto Posting, the designated server, on all owners of owner-occupied property subject to the upset tax sale, and that at least three separate attempts had been made by the designated server on each property. The waiver petition also averred that all of the other RETSL notice requirements were accomplished for each property. The stated justification for the waiver was that denying the request would render the tax claim bureau unable to offer the properties for public tax sale on the specified date. A document attached to the waiver petition

_____

[11] Contrary to the Dissent's assertion, this issue does not encompass a challenge to the trial court's grant of a waiver for lack of good cause shown. These are two separate and distinct issues.

reflected that personal service was attempted for the objector's property on August 5, 2013, at 1:21 p.m.; August 8, 2013, at 4:13 p.m.; and August 9, 2013, at 9:19 a.m. The trial court granted the tax claim bureau's waiver petition on the same day it was filed.

The objector timely filed objections and exceptions to the upset tax sale of her property. Therein, the objector alleged that the tax claim bureau sold her property at the upset tax sale in violation of her due process rights and the RETSL's notice requirements. The trial court overruled the objector's objections and exceptions, and confirmed the sale absolutely because the objector received actual notice. On appeal to this Court, the objector first argued that the upset tax sale of her property must be set aside because the tax claim bureau did not strictly comply with all of the notice requirements of the RETSL and afford her due process. In particular, the objector argued, *inter alia*, that the tax claim bureau did not personally serve her with notice of the upset tax sale of her home as required by Section 601(a)(3) of the RETSL, and that the trial court erred by granting the tax claim bureau a waiver of the notice by personal service requirement. The objector specifically contended that the tax claim bureau did not establish good cause for the waiver.

The *Appeal of Neff* Court explained:

The primary purpose of tax sale laws is to ensure "the collection of taxes, and not to strip away citizens' property rights." *Rice* [*v. Compro Distrib., Inc.*], 901 A.2d [570,] 575 [(Pa. Cmwlth. 2006)]. Our Supreme Court has said that tax sale laws "were never meant to punish taxpayers who omitted through oversight or error (from which the best of us are never exempt) to pay their taxes." *In re Return of Sale of Tax Claim Bureau (Ross Appeal)*, . . . 76 A.2d 749, 753 ([Pa.] 1950). Instead, tax sale laws are "meant to protect the local government against wilful [sic], persistent, long[-]standing delinquents for whom we hold no brief, and to whom the appellate court decisions have

11

consistently given short shrift." *Id.* Because the purpose of the [RETSL] is to protect local governments from delinquent taxpayers, failed attempts at personal service of notice may be, depending on the specific facts in the case, legally sufficient to obtain a waiver under Section 601(a)(3) of the [RETSL].

We conclude here that the trial court did not abuse its discretion by granting the [b]ureau's [w]aiver [p]etition. The [w]aiver [p]etition averred that the [b]ureau attempted to personally serve [the o]bjector on three different days at three different times of the day and that it satisfied the other notice requirements of Section 602 of the [RETSL]. Attached to the [w]aiver [p]etition was a document developed by Palmetto Posting stating that [the designated server] attempted personal service three times and listed the times and dates of each attempt. The trial court, cognizant that someone's home was at stake, that the purpose of the [RETSL] is to protect local governments from persistent tax delinquents, that the [b]ureau attested to the fact that it satisfied the notice requirements of Section 602 of the [RETSL], and attempted personal service three times at three different times of the day, utilized its discretion to determine that personal service of notice should be waived. The trial court did not abuse its discretion.

*Appeal of Neff*, 132 A.3d at 650-51.

The objector also argued to this Court, *inter alia*, that the tax claim bureau violated the strict requirements of Section 601(a)(3) of the RETSL by attempting personal service of notice by a designated server, Palmetto Posting, which was not authorized to provide such service by the RETSL.[12] The *Appeal of Neff* Court ruled:

Section 601(a)(3) [of the RETSL] requires that personal service of notice of the tax sale be given "by the sheriff or his deputy or person deputized by the sheriff for this

---

[12] The Dissent maintains that the Majority did not address Bissell's argument that Palmetto Posting was not qualified to effectuate personal service on owner/occupants. However, as explained below, because Bissell waived this argument by not challenging the trial court's granting of a waiver for good cause, this issue is not before this Court. *See Appeal of Neff.*

purpose unless the county commissioners, by resolution, appoint a person or persons to make all personal services required by this clause." 72 P.S. § 5860.601(a)(3). Section 601(a)(3) [of the RETSL] also states, however, that "[i]**f such personal notice** cannot be served within twenty-five (25) days . . . , the bureau may petition the court of common pleas to waive the requirement of personal notice for good cause shown." 72 P.S. § 5860.601(a)(3) (emphasis added). When interpreting a statute, we must presume that the General Assembly intended every word to have effect. *Bilka v. Dep*[*'*]*t of Transp*[*.*]*, Bureau of Driver Licensing*, 92 A.3d 1253, 1258 (Pa. Cmwlth. 2014). By including the phrase "such personal service" and not limiting the waiver authorization to the inability to make service, the General Assembly intended that both requirements of Section 602(a)(3) [of the RETSL] - that personal service be made[,] and that service be made by an authorized person - may be waived by the trial court upon a good cause showing. Because we concluded *supra* that the trial court acted within its discretion to grant the [b]ureau's [w]aiver [p]etition, we now conclude that the requirement that notice upon an owner-occupant via personal service by a sheriff, a sheriff's deputy, or an entity approved by the county commissioners by resolution was properly waived and will not defeat the tax sale.

*Appeal of Neff*, 132 A.3d at 652.

Here, as in *Appeal of Neff*, the Bureau filed a waiver petition with the trial court seeking to waive personal service of the Notice of Upset Tax Sale to Bissell and other owner-occupants of property scheduled to have their homes sold on September 27, 2021. The waiver petition averred that the Bureau attempted to personally serve notice by the County's designated server, Palmetto Posting, on all owners of owner-occupied property subject to the upset tax sale and that at least three separate attempts had been made over a minimum of two different days at different times of the day by the designated server on each property. *See* R.R. at 31a. The waiver petition also averred that all other notice requirements of the RETSL were accomplished for each property. *See* R.R. at 33a. The trial court

13

granted the Bureau's waiver petition. As stated above, Laughlin testified that she attempted personal service for the Property on July 24, 2021, at 4:01 p.m.; July 27, 2021, at 9:36 a.m., *see* R.R. at 113a; and July 28, 2021, at 3:01 p.m. *See* R.R. at 115a.

Unlike the objector in *Appeal of Neff*, Bissell did not aver in his Petition or argue to this Court that the trial court did not have good cause to grant the waiver petition. Further, Bissell has not refuted the evidence the Bureau presented to show good cause. Nonetheless, this Court concludes here that the trial court did not abuse its discretion by granting the Bureau's waiver petition.

> The trial court, cognizant that someone's home was at stake, that the purpose of the [RETSL] is to protect local governments from persistent tax delinquents, that the Bureau attested to the fact that it satisfied the notice requirements of Section 602 of the [RETSL], and [at least three separate attempts at personal service had been made over a minimum of two different days at different times of the day by the designated server on each property, which Laughlin testified thereto], utilized its discretion to determine that personal service of notice should be waived. The trial court did not abuse its discretion.

*Appeal of Neff*, 132 A.3d at 651.

Like the objector in *Appeal of Neff*, Bissell argues that the Bureau violated the strict requirements of Section 601(a)(3) of the RETSL by attempting personal service of notice by a designated server, Palmetto Posting, who was not authorized to provide such service by the RETSL.

> Because [this Court] concluded [] that the trial court acted within its discretion to grant the Bureau's [w]aiver [p]etition, [**this Court**] now **conclude**[s] **that the requirement that notice upon an owner-occupant via personal service by a sheriff**, **a sheriff's deputy**, **or an**

14

> **entity approved by the county commissioners by resolution was properly waived**[.][13]

*Appeal of Neff*, 132 A.3d at 652 (emphasis added). Accordingly, even if Palmetto Posting was not authorized to provide such service by the RETSL,[14] "it will not defeat the tax sale." *Id.*

For all of the above reasons, the trial court's order is affirmed.[15]

_____
ANNE E. COVEY, Judge

---

[13] The Dissent in *Appeal of Neff* maintained:

> The trial court's grant of the waiver was also erroneous because the [t]ax [c]laim [b]ureau's "server designee" was not qualified to make or attempt personal service. Neither Palmetto Posting[] nor its employee . . . was deputized by the Northumberland County Sheriff or appointed by the Northumberland County Commissioners to make personal service. The [M]ajority agrees with the purchaser's tautological argument that the server's qualification does not matter because personal service can be waived.

*Appeal of Neff*, 132 A.3d at 657 (Leavitt, J., dissenting). However, the Majority in *Appeal of Neff* did not hold that the server's qualification **does not matter** because personal service **can** be waived. Rather, as explained *supra*, it is **irrelevant** whether Palmetto Posting was authorized **because** personal service was waived.

[14] The trial court determined that Palmetto Posting was authorized by the RETSL because the County is ruled by a Home Rule Charter which grants the County Executive appointing authority, and the County Executive appointed Palmetto Posting to be the Bureau's designated server.

[15]      This Court may affirm a trial court based on a differing rationale. *See Slusser v. Black Creek Twp. Zoning Hearing Bd.*, 124 A.3d 771, 772 (Pa. Cmwlth. 2015) (stating this Court may affirm the decision of the trial court on any grounds); *see also FP Willow Ridge Assocs., L.P. v. Allen Twp.*, 166 A.3d 487, 496 (Pa. Cmwlth. 2017) . . . (stating this Court may affirm on other grounds where grounds for affirmance exist).

*Medina v. Harrisburg Sch. Dist.*, 273 A.3d 33, 35 n.1 (Pa. Cmwlth. 2022).

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: 2021 Erie County Tax Sales    :
    :
Objections for the Property    :
Located at 945 E. 38th St.    :
Index No. 18-053-083.0-117.0    :
    :   No. 1149 C.D. 2022
Appeal of: Clair Bissell    :

## O R D E R

AND NOW, this 18th day of April, 2024, the Erie County Common Pleas Court's September 19, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: 2021 Erie County Tax Sales  :
  :
Objections for the Property  :
Located at 945 E. 38th St.  :
Index No. 18-053-083.0-117.0  :
  :    No. 1149 C.D. 2022
Appeal of: Clair Bissell  :    Submitted: October 10, 2023

BEFORE:    HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE LEAVITT          FILED: April 18, 2024

Clair Bissell did not receive personal service of a written notice that his home was listed for tax sale. Because the Erie County Tax Claim Bureau (Tax Claim Bureau) obtained a waiver of its obligation to effect this personal service on Bissell, the majority holds that he cannot challenge the validity of that waiver in his appeal to this Court. Respectfully, I dissent.

In any petition to set aside a tax sale, the tax claim bureau must prove compliance with all the notice requirements of the Real Estate Tax Sale Law (Tax Sale Law),[1] including the requirement to effect personal service of the tax sale notice upon the owner of an owner-occupied property. *Famageltto v. County of Erie Tax Claim Bureau*, 133 A.3d 337, 348 (Pa. Cmwlth. 2016) (filing of exceptions to a tax sale rebuts the presumption of regularity, putting the initial burden on the tax claim bureau to show that it strictly complied with the notice requirements of the Tax Sale Law); *Smith v. Tax Claim Bureau of Pike County*, 834 A.2d 1247, 1252 (Pa. Cmwlth.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

2003) (tax claim bureau must strictly comply with the notice requirements in the Tax Sale Law).  A tax claim bureau may obtain a waiver of the requirement to make personal service, but there is no presumption that the waiver was validly granted in a subsequent proceeding to set aside the tax sale.  In *Gutierrez v. Washington County Tax Claim Bureau*, 260 A.3d 291, 297-98 (Pa. Cmwlth. 2021), we held that where the waiver of the personal service requirement is improvidently granted, the tax claim bureau has not complied with the statutory notice requirements of the Tax Sale Law.

Here, Bissell challenged the waiver for the stated reason that personal service can only be made, or attempted, by "the sheriff or his deputy or person deputized by the sheriff for this purpose unless the county commissioners, *by resolution*, appoint a person or persons to make all personal services required by this clause."  Section 601(a)(3) of the Tax Sale Law, 72 P.S. §5860.601(a)(3) (emphasis added).  The party appointed to make the required personal service on Bissell was Palmetto Posting, Inc., but it was not appointed by resolution of the Erie County Council.  Rather, as the Erie County Court of Common Pleas (trial court) found, Palmetto Posting was appointed by the County Executive.[2]  Bissell challenges the

_____

[2] The trial court stated:

> [Bissell] also asserts that Palmetto Posting's agent was not authorized to provide service under the Tax Sale Law.  The Court finds that the County Executive has the authority, via administrative powers, to appoint the employees of Palmetto Posting to post delinquent tax notices as well as to make personal service upon property owners.

Trial Court Op., 9/19/2022, at 2.  A resolution is a legislative action that can only be made by the County Council.  *See generally McGinley v. Scott*, 164 A.2d 424, 430 (Pa. 1960) ("A 'resolution' . . . has been defined as 'A formal expression of the opinion or will of an official body or a public assembly, adopted by vote; as a legislative resolution.'").  The trial court erred in concluding that the County Executive had the authority to exercise a legislative function committed to the County Council.

trial court's conclusion that the appointment was lawful and, thus, that issue is before this Court in Bissell's appeal. *See, e.g.*, *Barbour-Knight v. Civil Service Commission of City of Philadelphia*, 703 A.2d 572, 576 (Pa. Cmwlth. 1997) (appellate review available on any issue addressed by trial court).

Under the Tax Sale Law, a court may grant a waiver of the tax claim bureau's obligation to effect personal service on the owner/occupant where "such personal service cannot be served within twenty-five (25) days of the request by the bureau to make *such personal service* . . . ." Section 601(a)(3) of the Tax Sale Law, 72 P.S. §5860.601(a)(3) (emphasis added). "Such personal service" is service undertaken by a sheriff, a deputy, or a person appointed by resolution of the Erie County Council. *Id*. Here, the Tax Claim Bureau never submitted the request for personal service to a person qualified to effect "such personal service" upon Bissell and others. *Id*. Therefore, the trial court lacked good cause to grant the Tax Claim Bureau's request for a waiver of personal service, which renders the sale of Bissell's home a nullity.

The majority characterizes Bissell's argument as conceding that the Tax Claim Bureau showed good cause for a waiver of personal service. *In Re: 2021 Erie County Tax Sales* (Pa. Cmwlth., No. 1149 C.D. 2022, filed April 18, 2024), slip op. at 9. Bissell makes no such concession. To the contrary, Bissell specifically states that "it did not appear that the [trial] court found good cause to waive the requirement that service be completed by a person properly authorized." Bissell Brief at 8. Further, Bissell states that "[i]t is unclear whether the [trial] court relied on [the] prior waiver, or whether the [trial] court found the evidence presented at the hearing on Bissell's objections established good cause to waive the personal service requirement." *Id*. at 19. In short, Bissell has explicitly challenged the trial court's

grant of a waiver for lack of good cause shown, on substantive grounds as well as the lack of an authorized appointment of a server to replace the sheriff.

As we have explained, the proceeding on a tax claim bureau's petition for a waiver of personal service is "necessarily one-sided" because attempts to serve the property owner have not been successful. *Famageltto*, 133 A.3d at 348. The first, and only, opportunity for the property owner to challenge the grant of the good cause waiver of personal service is by filing exceptions to the tax sale. *Id.* That adversarial proceeding provides the "opportunity to test whether the heightened requirements for notice to owner-occupants were in fact met." *Id.* In the tax sale exception proceeding, the tax claim bureau has the burden to prove it complied with all of the Tax Sale Law's notice requirements, including personal service. *Id.* Challenges to the qualifications of the appointed server "may be addressed in conjunction with a property owner's other challenges to the tax claim bureau's notice efforts." *Id.* at 349 n.17. The grant of a waiver of personal service to the tax claim bureau does not operate as *res judicata* in the proceeding that challenges the tax sale.

The majority does not address Bissell's argument that Palmetto Posting, Inc. was not qualified to do personal service on owner-occupants. *In Re: 2021 Erie County Tax Sales*, slip op. at 11 n.12. However, good cause encompasses an examination of both the qualifications of the person attempting personal service and the substantive merits of that person's claim that it made a good faith effort to effect personal service.[3] Because the Tax Claim Bureau did not use a person authorized to

---

[3] Here, Palmetto Posting, Inc. offered affidavits that it made three attempts to serve the owner at his home during the workday, times when he was not likely to be there. *See In Re Consolidated Reports and Returns by Tax Claims Bureau of Northumberland County of Properties*, 132 A.3d 637, 656 (Pa. Cmwlth. 2016) (*Appeal of Neff*) (Leavitt, J., dissenting) (noting that attempting personal service at the owner's home only at times he is not likely to be there did not constitute good cause for a waiver, and the trial court erred in otherwise holding).

make personal service, it did not satisfy the requirements of Section 601(a)(3) of the Tax Sale Law, and the trial court erred in holding otherwise.

For these reasons, I would reverse the trial court.

_____
MARY HANNAH LEAVITT, President Judge Emerita

MHL-5